557 So.2d 315 (1990)
STATE of Louisiana
v.
George ROBERTSON.
No. 89-KA-0450.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
*316 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff.
Robyn C. Gulledge, Student Practitioner, Michael S. Gallagher, Supervising Atty., New Orleans, for defendant.
Before BYRNES, ARMSTRONG, PLOTKIN, JJ.
ARMSTRONG, Judge.
Defendant, George Robertson, was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967. Following a hearing, defendant's motion to suppress the evidence was denied. Defendant subsequently pled guilty as charged, reserving his right to appeal the denial of his motion to suppress the evidence. Defendant was sentenced to serve eighteen months at hard labor.
On the afternoon of April 6, 1988, officers Jimmy Slack and Derek Gray were patrolling in the 2400 block of Pauger Street. They were in the area after receiving "numerous complaints" of illegal drug trafficking occurring in and around abandoned houses in that neighborhood. As they were driving down Pauger Street they observed a black male exiting one of the "abandoned" houses. They made an investigatory stop, inquiring why he was coming out of the abandoned house.
While Officer Gray searched the subject, Officer Slack testified that he proceeded to enter the front apartment of the building which he believed was abandoned. He walked through the apartment which was filled with trash. He heard noises coming from the rear apartment, the front door of which was open. He entered the rear apartment through the open door and walked through the first room to a second doorway leading into another room. He stood in the doorway and observed the defendant and three other suspects standing around a table. One of the suspects was attempting to cut a piece of what appeared to be crack cocaine which was on *317 the table. There was also some other drug paraphernalia on the table.
When Officer Slack said "police" the four suspects separated but were unable to flee as the opposite door of the rear apartment was boarded up. The officer called his partner for assistance and arrested the suspects. The cocaine and other paraphernalia was seized from the table. After the arrest, the officers learned that the owner of the dwelling had rented the rear apartment to persons who were going to play cards there.
Based upon this evidence the trial court found that the officer had probable cause and accordingly denied the motion to suppress the evidence.
A review of the record for errors patent reveals that there are none.
In its brief on appeal the State urges that, since the defendant was not legitimately on the premises he has no standing to challenge the seizure of the evidence on Fourth Amendment grounds. The State did not raise this issue at the trial court level and thus we will not consider it on appeal. Uniform RulesLouisiana Courts of Appeal, Rule 1-3.
On appeal defendant assigns as error and argues the denial of his motion to suppress evidence. The issue has been framed in defendant's brief as follows:
Whether the entry into an uninhabited dwelling without a search warrant when no exigent circumstances are present can give rise to reasonable suspicion that drug activity is occurring in a completely separate dwelling when only noises have been heard.
Defendant first contests the presumption by the police officers that the property was "abandoned". Officer Slack testified that there were numerous complaints about drugs being sold out of the front and rear of an abandoned house in the area. The officers were acting on a good faith belief that the house was uninhabited. Upon entry into the front apartment, Officer Slack found only trash and debris which would lend further credence to the belief that the building was, in fact abandoned.
Although there was testimony by Officer Slack that the rear apartment had been rented out to play cards in by the owner of the building at the time of the arrests and seizure of evidence, there is no evidence that the apartment was rented to any of the arrested individuals, or that any of them had a right to be in the apartment. There is no evidence that any of the doors were capable of being locked or secured. Access was apparently available to anyone.
Defendant next argues that the plain view exception is defeated by Officer Slack's admission that he could not possibly see the drug paraphernalia from the sidewalk, "the only place the officer had a legal right to be at the time." We must disagree with the legal presumption of defendant. Officers responding to numerous complaints by neighbors may investigate for suspected drug activity, property which they reasonably believe to be abandoned and uninhabited. If Officer Slack had a legal right to be on the grounds, his plain view of contraband gives rise to probable cause.
Plain view is simply a means of obtaining probable cause and does not excuse the lack of a warrant for entry. State v. Alvin Scott Loyd, 425 So.2d 710 (La. 1982). When an officer observes evidence of a crime before entering a protected area, he may not seize the evidence without first obtaining a warrant, absent exigent circumstances or another exception to the warrant requirement. State v. Edsall, 385 So.2d 207 (La.1980); State v. Nicholas, 397 So.2d 1308 (La.1981).
Defendant further argues that exigent circumstances did not exist in the instant case. Defendant contends that, having received numerous complaints from neighbors, the officers could have been armed with a search warrant before they came to investigate. This is not a plausible argument. Absent a reliable confidential informant, or a witness who had definite knowledge and was willing to come forward, the police lacked the requisite probable cause to obtain a search warrant prior to their attempt to investigate the complaints. It is the plain view of Officer Slack that gave *318 rise to the probable cause in this case. At that point, exigent circumstances existed such that the suspects and contraband would all have vanished in the time it would have taken to obtain a search warrant.
Exigent circumstances include lack of sufficient time to prepare an affidavit, locate a magistrate and obtain a search warrant after probable cause arises; imminent danger of destruction of evidence; and the possibility of escape. State v. Welch, 449 So.2d 468 (La.1984).
In the instant case all of these exigent circumstances were present. Officer Slack was standing alone in a room with four suspected felons in front of him. From his testimony it is clear that it was a tense situation. Because the back door was boarded up, the suspects' only avenue of escape was through the doorway in which Officer Slack stood. One suspect had already thrown something down on the floor which was never recovered by police. The quantity of cocaine recovered was small, and given the opportunity, could have been ingested by the suspects. Two other suspects were pacing around the room until Officer Slack ordered them a second time to place their hands on the wall, and firmly informed them that because he was alone with the four of them he was nervous. Implicit in that was his contemplation of using force to protect himself.
We believe these were exigent circumstances such as would dispense with the need for police to secure a search warrant before seizing the cocaine and other contraband.
Finally, in order for the evidence to be suppressed, there must be a violation of an individual's reasonable expectation of privacy. State v. Hines, 323 So.2d 449 (La. 1975). In Hines, the Supreme Court held that police officers violated no constitutional rights by entering the common yard of an apartment complex which had no gates and was open to the public, that neither apartment dwellers nor others could have a reasonable expectation of privacy in the common yard. The court further held that where police officers, who were legally on the premises investigating the alleged sale of heroin, saw defendants clustered around a bag, and defendants upon seeing officers dropped the bag and fled the scene, police officers at that point had probable cause to arrest the defendants, and the heroin seized pursuant to such arrest was admissible in the subsequent prosecution for possession of heroin with intent to distribute. In that case, the officers were informed of drug activity and, as in the instant case, were proceeding to the location to investigate the report and gather enough information to enable them to obtain a search warrant. The hallway from which the defendants were dealing either had no door, or it was open, enabling the officers to view the defendants clustered around the bag containing heroin. When the defendants saw the police, defendant Hines dropped the bag and all three suspects fled the scene. Upon being intercepted by the police, the three men denied ownership of the bag.
In the instant case, the officers were on the scene to investigate suspected drug activity. One officer entered the yard through an open door of an apparently uninhabited building. He then saw drugs and drug paraphernalia in plain view, after which exigent circumstances existed which prevented him from obtaining a search warrant prior to the seizure of the evidence.
It is undisputed that the door to the back apartment was open. Neither the four subjects arrested at the scene nor the legal tenant could have had a reasonable expectation of privacy.
There was, therefore, no error in the denial of the motion to suppress evidence.
For the foregoing reasons we affirm the judgment of the trial court denying defendant's motion to suppress the evidence.
AFFIRMED.
PLOTKIN, J., concurs.