578 So.2d 994 (1991)
STATE of Louisiana
v.
Alfred DEAL.
No. 91-K-0168.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
Writ Denied May 24, 1991.
*995 Harry F. Connick, Dist. Atty., Deborah Villio Kettenring, Asst. Dist. Atty., New Orleans, for relator.
Robert Fuhrer, Morgan City, and Michael H. O'Keefe, Jr., O'Keefe, O'Keefe & Bernstein, New Orleans, for respondent.
Before SCHOTT, C.J., and WILLIAMS and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
We grant certiorari on the application of the state in order to review the validity of a judgment of the trial court granting defendant's motion to suppress evidence found in defendant's home in the execution of a search warrant.
On August 29, 1989 Larry Payne was shot and killed at 2904 Clara Street in New Orleans. The police investigation led to the defendant who resided at 2438 Thalia and his girlfriend Wynola Clanton who told the police they were splitting up and she did not know where he was. At this time Clanton told the police she was in her apartment at the time of the shooting and she did not know Larry Payne.
Thirteen months later Clanton told the police she witnessed Larry Payne's murder by defendant. Asked if she knew where the murder weapon was, she said defendant gave the gun to a friend but she didn't know the friend's name.
Officer Demma obtained a warrant on September 18, 1990 for defendant's arrest. After arresting him at 2921 Thalia, Demma applied for a search warrant for this address. In his affidavit Demma made these statements: Payne was shot to death at 2904 Clara Street on August 29, 1989. Autopsy disclosed a wound from an unknown caliber gun. On September 17, 1990 Demma and another officer obtained statements from two witnesses to Payne's shooting who identified the killer as Alfred Deal, defendant, residing at 2921 Thalia. They described the gun as a .32 or .38 caliber handgun with which Deal fled the scene after the shooting. Demma apprehended defendant at his 2921 Thalia residence after obtaining a warrant and requested a search warrant for 2921 Thalia in order to seize an "unknown make or model thirty-two or thirty-eight caliber handgun" along with ammunition and cleaning equipment.
In the execution of the search warrant Demma seized $3,800 in currency, a revolver box, boxes of .44 magnum, .32 caliber, and .38 caliber ammunition, a .357 revolver, and a Smith & Wesson nickel plated 6" barrel revolver.
For the hearing on the motion to suppress the parties stipulated these facts: Demma was a homicide detective for eleven years; he had information that defendant left the crime scene with the murder weapon; this weapon had been in defendant's possession for some time prior to the murder; Demma believed that even if defendant turned the gun over to a friend and was not sold he could have reacquired the gun; in Demma's experience it is not unusual for a murder weapon to be found in the home of the perpetrator; although Demma had learned the defendant was using the address of his sister and not 2921 Thalia he believed the weapon could be concealed at 2921 Thalia where he was arrested; and 2921 Thalia was heavily secured in a manner Demma believed was consistent with concealing weapons, contraband, or illegal activity.
In granting the defendant's motion to suppress the trial judge noted that in Demma's investigation report was a statement by Clanton to Demma in response to his question as to where was the gun that "He *996 gave it to a friend, and I don't know who he gave the gun to." The judge also noted that Clanton's brother told Demma that he did not know where the gun was. Additionally, he noted that defendant was residing on Sixth Street shortly after the shooting. The court found that there was no good reason to believe the gun would be at 2921 Thalia considering the passage of time and the information from Clanton that he had given the gun away. The court also noted that there was an open issue as to whether the guns seized were relevant since they were not identified as the murder weapon.
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts to support the warrant's issuance. C.Cr.P. art. 162. Probable cause exists when the facts and circumstances support a reasonable belief that evidence may be found at the place to be searched. State v. Duncan, 420 So.2d 1105 (La.1982). In reviewing the magistrate's finding of probable cause a court must consider whether the totality of circumstances enabled the magistrate to make a common-sense, practical decision that there was a fair probability that the sought after evidence would be found in the search. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Considering Demma's affidavit we readily conclude that the magistrate properly found there was probable cause to search this place from which defendant had just been arrested because it was reasonable to believe that the weapon may still be there in his possession notwithstanding the passage of thirteen months since the killing.
The trial court did not grant the motion because of what is in Demma's affidavit, but because of what is not there, to wit, defendant's address was now different than it was thirteen months previously and Clanton said defendant had given the gun away.
Even if these things had been included in the affidavit probable cause for the search would have existed anyway by any practical, common sense approach. It was a logical assumption that he would keep the gun with him wherever he moved. When he was arrested on Thalia he was residing there and would probably have his belongs, like the gun, there. His moving in no way supports his theoretical disposal of the gun. As to Clanton's late blooming statement that he gave the gun away to a friend, this is the same person who told Demma that she witnessed the murder and the one who, a year earlier, told him she didn't know anything about it. Given the unreliability of this witness one could still have a reasonable basis to believe that the murder weapon may still be in the residence of the person just arrested for the murder.
Furthermore, the record supports the conclusion that Demma was in good faith even though these two factors of the change in addresses and Clanton's statement were not in his affidavit. He explained that the address where defendant was arrested was the logical place for a search, not some other addresses he may have used in the past; and even if defendant turned the gun over to a friend as Clanton said, he could easily get it back, unlike the situation where one sells an object.
Accordingly, the judgment of the trial court is reversed, and there is judgment overruling defendant's motion to suppress the evidence seized at 2921 Thalia Street. The case is remanded for further proceedings.
REVERSED AND REMANDED.