591 So.2d 1323 (1991)
STATE of Louisiana
v.
Demetrius WOODS.
No. 91-K-1682.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
*1324 Harry F. Connick, Dist. Atty., Karen Avery, Asst. Dist. Atty., New Orleans, for relator.
Before SCHOTT, C.J., and BARRY and WARD, JJ.
SCHOTT, Chief Judge.
On the state's application we grant certiorari in order to consider the validity of the ruling of the trial court granting defendant's motion to suppress evidence. Defendant through the O.I.D.P. was provided with an opportunity to respond to the state's application and declined to do so.
A few days before May 6, 1991 police were told by a confidential informant that one "Gichee" was selling cocaine from 1122 Behrman Highway and that Gichee's girlfriend Linda Christopher also lived there. The police established a surveillance of the premises and observed several individuals come there, talk to a man later identified as the defendant and exchange money for objects. They also saw defendant drive to other locations where he met people and exchanged objects for money. On May 6 the officers were planning to make some arrests when they saw the defendant leave the house with another man. Defendant locked the door of the house and they left in an automobile. As they passed the undercover police they seemed to recognize them as such and sped off. The officers chased and apprehended them. Defendant was carrying a picture of Christopher. They brought the men back to 1122 Behrman and as they were walking toward the house they saw Christopher drive by, notice them, and speed away.
The officers went inside the house to secure it. They found no one inside, but on a kitchen counter they saw an open match box containing sixteen pieces of crack cocaine, twenty-one other pieces of crack, and three bags of powdered cocaine. At the hearing on the motion to suppress this evidence the officer testified that they entered the house because they were afraid that someone else might be in the house and destroy the evidence before they could get a warrant. He also stated that they had seen Christopher's brother at the house during the surveillance.
The state argues that the warrantless entry into the premises was justified under the following principles discussed in State v. Hathaway, 411 So.2d 1074, 1079 (La. 1982):
... There is justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances.... Exigent circumstances are exceptional circumstances which when coupled with probable cause justify an entry into a "protected" area that, without those exceptional circumstances, would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury to the officers and the public, and the destruction of evidence.... (emphasis ours)
*1325 The trial court rejected this argument with the following reasons for judgment:
The case upon which the State most heavily relies in its argument that the facts herein justified a warrantless entry into a private home, State v. Hathaway, 411 So.2d 1074 (La.1982), is clearly distinguishable from the case at bar. In that case, when the police officers attempted to stop and detain the defendant, he fled the scene and entered the apartment.

The case before the Court here is lacking in exigent circumstances, which must be coupled with probable cause to justify an otherwise unlawful intrusion. The defendant was in police custody. The female subject left the apartment prior to the entry of the police. Any suspicion of the presence therein of a third male (in addition to the defendant and the second male stopped with the defendant) is at best totally conjecture. There has been no testimony which substantiates a reasonable belief that any other person was in the residence.
The police here conducted surveillance for three days. There was more than ample time and opportunity for obtaining a search warrant either before or after the defendant's detention. Accordingly, the search and seizure herein were conducted unlawfully.
We likewise find that Hathaway is distinguishable on its facts; nevertheless, the facts of the present case were sufficient to provide the police with exigent circumstances to enter the premises. Asked why the police entered the house Officer Watkins stated:
Well, we initially entered the house to secure the residence and for the simple reason, that if someone else was in the house and the word got back that we had detained Mr. Demetrius Woods, that they might possibly destroy the evidence. So, that's basically why we entered the house, to secure the house, and to make sure there was no other occupants in the house.
He explained that Christopher had fled and could easily alert someone inside the house. When pressed by the judge and the defense attorney as to who else might be in the house other than defendant and Christopher the officer stated that Christopher's brother was a possibility.
We have concluded that good common sense dictated that the police take the action they did. They knew this was a base for drug dealing. They could not be sure no one was in the house and they knew that Christopher could easily alert them if someone was there. They had seen Christopher's brother come out of the premises a week before. How easily all of this evidence could have been destroyed! The need to secure the premises, to prevent the possible destruction of evidence which was surely there, constituted exigent circumstances justifying the police entry into the premises.
Once in the premises with justification the police inadvertently discovered the cocaine which was immediately apparent without close inspection to be cocaine. As such it was admissible evidence and not subject to suppression. State v. Hernandez, 410 So.2d 1381 (La.1982).
Accordingly, the judgment granting defendant's motion to suppress is reversed and set aside, the motion is denied, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
WARD, J., concurs.
I concur in the result.