SCHOTT, Chief Judge.
On the state’s application we grant cer-tiorari in order to consider the validity of the ruling of the trial court granting defendant’s motion to suppress evidence seized.
At the hearing on defendant’s motion Officer Rivet testified that on September 18, 1991, while on patrol he saw defendant walking on Airline Highway with her blouse open and her chest exposed. He believed that she was the victim of a crime or was in trouble so he stopped to investigate. As he approached, defendant turned and walked away from him at which time he noticed a silver medal pipe sticking out of her right rear pants pocket. Based upon *1206 his experience, Rivet believed that the pipe was the type used to smoke crack cocaine. He seized the pipe, advised defendant of her Miranda rights, and placed her under arrest. The pipe was found to contain cocaine residue.
At the conclusion of the hearing, the trial court granted defendant’s motion finding no probable cause. The trial court erred. For seized evidence to be admissible under the plain view exception, (1) there must be a prior justification for an intrusion into a protected area; (2) in the course of which evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the item is evidence or contraband. State v. Hernandez, 410 So.2d 1381, 1383 (La.1982).
Rivet was clearly justified in stopping to investigate and in doing so he inadvertently saw the silver medal pipe. Based upon his personal experience, there was probable cause to believe that the silver medal pipe was contraband. State v. Davis, 555 So.2d 633 (La.App. 4th Cir.1989, rev. on other grounds, 566 So.2d 959 (La. 1990); and State v. Woods, 591 So.2d 1323 (La.App. 4th Cir.1991).
Accordingly, the judgment of the trial court is reversed, defendant’s motion to suppress the evidence is overruled and the case is remanded to the trial court.
REVERSED AND REMANDED.