BYRNES, Judge.
The State requests a review of the trial court’s ruling granting defendant’s motion to suppress the evidence. We reverse and remand.
Sergeant Warren Keller of the New Orleans Police Department’s Narcotics Division received information from an informant that the defendant Ben Hunter periodically received allotments of marijuana which he sold from 1422 1/2 Mazant Street. The informant related that the defendant had just received a quantity of contraband substances for subsequent resale.
On February 8, 1993, the narcotic investigators established a surveillance of the location. Around 7:10 p.m. officers observed a vehicle arrive and park across from the location. The occupant of the ear went to 1422 1/2 Mazant Street, remained about one minute, exited, went back to the car, and drove away.
At about 7:45 p.m. a dark Mazda 929 arrived with two occupants. The passenger, wearing a bright red jacket, exited the Mazda, and went to the rear of 1422 Ma-zant Street. Minutes later, the same person left the residence, and got into the vehicle, which departed. Officers stopped this vehicle and recovered about five grams of marijuana from within the vehicle.
Officer Michael Glazer testified that as part of an independent investigation the officers obtained permission and entered 1422 Mazant Street at approximately 1:15 a.m. on February 9, 1993. Officer Glazer related that because the officers felt that their presence would be known by anyone who might be inside 1422 1/2 Mazant, at about 1:20 a.m. the officers forced the door open and entered 1422 1/2 Mazant. A perusal or sweep of the residence was conducted to determine if it was occupied and to secure the premises until a search warrant was obtained at approximately 3:23 a.m. While a search was being conducted after the warrant was obtained, Ben Hunter entered the residence and was arrested. The return on the search warrant lists items seized, including $500 in currency, a brown envelope, 24 clear plastic bags con- *163 taming vegetable matter, a triple beam balance scale, a Liberty bank checkbook, the defendant’s passport, and a telephone beeper.
The trial court granted the defendant’s motion to suppress evidence, noting that the search warrant was unlawfully obtained because the affidavit did not include the fact that the police had entered the residence to secure it until the issuance of the search warrant.
In State v. Woods, 591 So.2d 1323 (La.App. 4 Cir.1991), the police had apprehended two men in an automobile after the two left the premises. When the police and the two men were walking back to the premises, another man drove by, noticed them and sped away. This court reasoned that the officers articulated facts sufficient to provide exigent circumstances to justify the officers’ entry into the premises where the third man who sped away or someone else might alert anyone on the premises to destroy the evidence.
In State v. Roebuck, 530 So.2d 1242 (La.App. 4 Cir.1988), writ denied 531 So.2d 764 (La.1988), this court found exigent circumstances to secure the hotel room to determine the presence of another perpetrator after two suspected drug dealers were arrested upon leaving their hotel room. Five officers went inside to insure that no one was inside who might destroy evidence while the police waited for the arrival of the search warrant.
In the present case, Officer Glazer testified:
Because we entered that residence [1422 Mazant] and it’s a totally attached structure, we felt our presence there would be known by anyone who might be inside 1422 1/2 Mazant. Therefore, we felt it was imperative that we secure that residence to prevent any contraband inside from being destroyed or removed.
The officers had reason to believe that the premises was a base for drug dealing. As in Woods, supra, and Roebuck, supra, in the present case the officers articulated facts sufficient to establish exigent circumstances for the need to secure the premises to prevent the possible destruction of evidence.
Considering that the entry was legal due to exigent circumstances, the information concerning the prior entry to secure the premises was not crucial to the search warrant. Furthermore, the prior entry did not taint the evidence seized pursuant to the search warrant because no evidence was obtained from the prior entry to support probable cause for the search warrant.
Three exceptions are articulated to the exclusionary rule enunciated in Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963): the independent source doctrine, the inevitable discovery doctrine, and the attenuation doctrine. U.S. v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); State v. Welch, 449 So.2d 468 (La.1984); State v. Guy, 575 So.2d 429 (La.App. 4 Cir.1991), writ denied 578 So.2d 930 (La.1991). If there is an independent basis for probable cause for issuance of the search warrant, a prior entry does not taint the evidence seized pursuant to the warrant.
In State v. James, 581 So.2d 349, 354 (La.App. 4 Cir.1991), this court reviewed the standard of review of the issuance of a search warrant:
C.Cr.P. art. 162 provides that a search warrant may be issued “only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts and establishing the cause for the issuance of the warrant.” The Louisiana Supreme Court has held that probable cause exists when:
the facts and circumstances within the affiant’s knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence of contraband may be found at the place to be searched.
State v. Duncan, 420 So.2d 1105 (La.1982). See also State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ denied, 531 So.2d 764 (La.1988); State v. Scott, 499 So.2d 1248 (La.App. 4th Cir.1986). The facts form the basis for the probable cause to issue a search warrant *164 must be contained “within the four corners” of the affidavit. Duncan; Roebuck. A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the warrant. State v. Manso, 449 So.2d 480, 482 (La.1984), cert. denied Manso v. Louisiana, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984).
The affidavit in the present case states the following: Ben Hunter periodically received marijuana which he resold from 1422 1/2 Mazant Street; the defendant had just received a quantity of contraband for subsequent resale; this information was provided by a confidential and credible informant whose reliability had been established from past contributions with resulting arrests and seizures of contraband. The affidavit notes that Ben Hunter was known to the narcotics division from previous investigations involving wholesale marijuana recovery. Also included in the affidavit are the facts that in their independent surveillance, the officers saw two vehicles arrive at the location and leave a short time later; when one of the vehicles was followed and stopped, a small amount of marijuana was found in the vehicle.
The magistrate’s determination of probable cause prior to the issuance of a search warrant is entitled to significant deference. State v. Rodrigue, 437 So.2d 830 (La.1983). Marginal cases should be resolved in favor of finding that the magistrate’s conclusion is reasonable. State v. Scott, 530 So.2d 630 (La.App. 4 Cir.1988). The activities were consistent with drug trafficking and could be recognized by the trained narcotic officers. State v. Freeman, 503 So.2d 501 (La.App. 4 Cir.1987), writ denied State ex rel. Freeman v. State, 551 So.2d 628 (La.1989). The information supplied by the informant was corroborated by independent police surveillance and was found to be reliable and credible. State v. Duron, 524 So.2d 164 (La.App. 4 Cir.1988), writ denied 531 So.2d 263 (La.1988).
Because the affidavit in the present case was based on information from a reliable source corroborated by the police officers’ observations, the magistrate had reason to believe the confidential informant’s statements that the defendant was involved in retail distribution of marijuana from 1422 1/2 Mazant Street. The totality of the circumstances contained in the affidavit provided a substantial basis for the magistrate to conclude that probable cause existed for the issuance of a search warrant for the premises. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); State v. Deal, 578 So.2d 994 (La.App. 4 Cir.1991), writ denied 580 So.2d 677 (La.1991).
Accordingly, the ruling of the trial court is reversed. Defendant’s motion to suppress is denied, and the case is remanded to the trial court.
REVERSED AND REMANDED.
JONES, J., dissenting with written reasons.