705 So.2d 1242 (1998)
STATE of Louisiana
v.
Samuel BLUE.
No. 97-K-2699.
Court of Appeal of Louisiana, Fourth Circuit.
January 7, 1998.
*1243 Harry F. Connick, District Attorney, Tracey Rangel, Assistant District Attorney, New Orleans, for Relator.
Before BYRNES, LOBRANO and JONES, JJ.
LOBRANO, Judge.

STATEMENT OF THE CASE
On June 24, 1997, the defendant was charged with one count of possession of heroin, a charge to which he pled not guilty. His motion to suppress the evidence was heard and granted on November 11th. The State now comes before this court seeking relief from this ruling.

FACTS
On May 15, 1997, police officers received a tip from a reliable confidential informant that heroin was being sold from 2807 Willow Street, Apartment B, which was located in an area known for narcotics activity. The C.I. provided detailed clothing descriptions of the two men selling the drugs, identifying one of them as "Blue" and the other as "Chris". The C.I. indicated the men were selling drugs at that moment.
Approximately ten minutes after receiving the tip, the officers drove to the apartment. They noticed a man walk out of the apartment onto a porch. The man was wearing clothing which fit one of the descriptions given by the C.I. When the man, later identified as the defendant Samuel Blue, saw the unmarked but well-known police car, he appeared surprised, turned, and attempted to reenter the apartment. The officers followed Blue into the apartment and into a bathroom, where they saw him empty the contents of his hand into the toilet, which he flushed. While one officer detained Blue, the other was able to retrieve from the toilet one clear plastic container containing a white powder, as well as one piece of plastic containing a white powder, which was found next to the toilet. The lessee of the apartment soon arrived and eventually consented to a search, and from a bedroom officers also seized seven tinfoil packets of heroin, two bulletproof vests, and drug paraphernalia, including empty sandwich bags, a scale, aluminum foil, and a substance used to cut drugs.

*1244 DISCUSSION

The trial court suppressed the evidence because it found the officers were not justified in following the defendant into the apartment, where they then saw contraband in plain view. Because evidence may be seized pursuant to the plain view exception to the warrant requirement only where the officer has a prior justification for entry into a protected area where the evidence is discovered, the controlling issue in this case is whether the officers lawfully entered the apartment where they saw the contraband. See State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4th Cir.1993)[1].
The State argues the officers were justified in following the defendant into the apartment because there were exigent circumstances, i.e. the defendant recognized the officers and had reentered the apartment in order to destroy the drugs inside. Indeed, the officers' entry showed this was the case. However, exigent circumstances alone is not sufficient justification to allow the officers to enter the apartment. The officers also had to have probable cause to believe there was contraband in the house or probable cause to arrest the defendant. In State v. Page, 95-2401, p. 10 (La.App. 4th Cir. 8/21/96), 680 So.2d 700, 709[2], this court discussed the warrantless entry into a protected area:
There is a justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320, 1326 (La.1979), cert. den., Rudolph v. Louisiana, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). Exigent circumstances are exceptional circumstances which, when coupled with probable cause, justify an entry into a "protected" area that, without those exceptional circumstances, would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury to the officers and the public, and the destruction of evidence. State v. Hathaway, 411 So.2d 1074, 1079 (La.1982).
See also State v. Tate, 623 So.2d 908.
"Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed a crime." State v. Wilson, 467 So.2d 503 (La.1985).[3] See also State v. Johnson, 94-1170 (La.App. 4th Cir. 8/23/95), 660 So.2d 942.[4]
Here, the officers received a tip from a reliable informant concerning contemporaneous drug sales from a certain residence by two men, the clothing of which were described. The officers immediately went to the address and saw the defendant walk out of the apartment. Although the defendant's clothing matched the description in the tip, the defendant was not known to the officers. When he saw the officers' car, the defendant looked startled and then walked back inside the residence.
The State argues these factors gave the officers probable cause to arrest the defendant and thus allowed them to enter the apartment. In support, it cites various Louisiana cases, but in each of those cases there were additional factors which provided probable cause to arrest. In State v. Hathaway, 411 So.2d 1074 (La.1982), officers received a tip that a known drug user would be delivering drugs to a residence in a certain block and that he would be armed. The officers set up a surveillance of the block and saw the user talking to another known drug user and to the defendant, who was unknown to the officers. The officers decided to detain the men, and when they announced their presence and told the men to "freeze", the other known drug user and the defendant ran inside one of the residences in the block. The *1245 officers chased them and entered the residence, where they found the defendant with a gun and the other man trying to flush a syringe. On review of the defendant's conviction, the Court found the tip, combined with the officers' observations and their knowledge of two of the men, gave them reasonable suspicion to stop the group. The flight of one of the known users gave them probable cause to believe he was involved in drug activity, and their belief he entered the house to dispose of evidence gave them exigent circumstances to follow and enter the house.
Likewise, in State v. Killian, 95-826 (La. App. 3rd Cir. 5/8/96), 677 So.2d 487[5], the officers received a tip that marijuana was being sold from a certain residence. The C.I. then conducted a controlled purchase from the residence and informed the officers that although the seller still had a quantity of marijuana in the residence, he was planning to sell it soon. The officers entered the house to secure it while they obtained a warrant. After being advised of his rights, the defendant consented to a search of the house. On review, the court found the officers had probable cause to believe the residence contained drugs, and the imminent sale of the remaining drugs allowed the officers to enter and secure the residence while the warrant was sought. In addition, the court found that because the entry was valid, the consent to search was also valid.
In State v. Morace, 446 So.2d 1274 (La. App. 2nd Cir.1984)[6], officers received a tip that the defendant, who was under investigation by them at the time, was riding around a certain area in a certain car with a box containing marijuana. The officers immediately went to that area and saw the defendant drive up in the described car and pull into the driveway of a known drug dealer. The officers stopped the defendant when he left the driveway. The officers ordered the defendant and his companion out of the car, and inside the car the officers could see a gun and a bag containing marijuana lying in plain view. The officers then searched the car and found more drugs. Pursuant to a search incident to arrest, the officers seized a vial of cocaine from the defendant. The officers then had the car towed, and pursuant to a warrant to search the car they found more guns. On review, the court found that the detailed tip, combined with the officers' knowledge of the defendant and the other dealer and their observations, gave the officers probable cause to arrest the defendant when they stopped him.
The remaining cases cited by the State are even less similar to the case here. In State v. Robertson, 557 So.2d 315 (La.App. 4th Cir.1990), the officers had detained a man walking out of an abandoned building about which they had received complaints of trespassing. As one of the officers investigated the building, he looked through an open door and saw the defendant and others standing around a table upon which sat cocaine. This Court found the officer was justified in entering the building to investigate the complaint. In State v. Lyons, 514 So.2d 558 (La.App. 4th Cir.1987)[7], the officers were investigating a call of a shot fired through the floor of an apartment in a four-plex. The defendant lived in the apartment below, and the officers arrested him at his door. Fearing for their safety, the officers then entered the apartment to make sure no one else was in the apartment. Once inside, they saw a gun lying on a bed in a room directly below the hole created by the gunshot. This Court found the officers' fears for their continued safety gave them exigent circumstances to enter the apartment from which the shot had originated. In State v. Henderson, 571 So.2d 770 (La.App. 2nd Cir.1990), the defendant was seen near the area where a convenience store customer had been beaten and robbed. The defendant was wearing a distinctive shirt which matched the description of the shirt worn by the perpetrator and also worn by a man seen leaving the convenience store. Police officers followed the defendant to his trailer, surrounded it, and then saw the shirt lying inside a detached outbuilding. Although *1246 the court spoke of "exigent circumstances", it found the officers could lawfully seize the shirt found in plain view in the outbuilding.
Here, the officers had a tip from a reliable informant about drug sales from the residence, and the tip included a detailed description of the clothing of the men involved in the sales. Soon after receiving the tip, the officers observed the defendant, whose clothing matched the description in the tip, exit the apartment and stand on the porch. Upon seeing the officers, he looked startled, turned, and walked back inside the apartment. Although these circumstances would have given the officers reasonable suspicion to detain the defendant if he had remained outside, it does not appear they supplied probable cause to arrest him, which the officers needed to follow him inside the apartment. Unlike in Morace, here the defendant was unknown to the officers. Unlike in Killian, no controlled purchase was made from the apartment. Unlike the known drug user in Hathaway, here the defendant did not run into the apartment, but rather turned and reentered the apartment. The only thing the officers were able to corroborate prior to entering the apartment was the fact that a man dressed in clothes similar to those described in the tip exited and then reentered the apartment. Without the additional factors present in the cases cited by the State, we are satisfied that the officers did not have probable cause to arrest the defendant at the time they entered the apartment. As such, their entry was unjustified.
The State finally argues that the evidence should not have been suppressed because the lessee of the apartment consented to a search after the officers' entry. As noted by this court in State v. O'Shea, 97-0400, p. 8 (La.App. 4th Cir. 5/21/97), 696 So.2d 115, 119[8]: "Consent is an exception to the warrant requirement, with the burden on the State to show that it was free and voluntary." Here, the State did not show that the lessee's consent was not tainted by the officers' entry into the apartment and detention of those inside. The only evidence presented with respect to the lessee's consent was the officer's testimony that the lessee "showed up and identified herself, and she eventually signed a consent to search." See State v. Ferrand, 95-1346 (La.12/8/95), 664 So.2d 396, where the Court found the officers' unlawful entry into the defendant's apartment tainted the defendant's subsequent consent to search his apartment.
Thus we find no abuse of the trial court's discretion and affirm its ruling.
AFFIRMED.
NOTES
[1] Writ den. 629 So.2d 1126 and 1140 (1993).
[2] Writ den. 96-2352 (La.2/21/97), 688 So.2d 522.
[3] Cert. den. Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985).
[4] Writ den. State v. Johnson, 95-2331 (La.2/2/96), 666 So.2d 1092, and State v. Dibartolo, 95-3044 (La.2/2/96), 666 So.2d 1105.
[5] Writ den. 96-1461 (La.11/8/96), 683 So.2d 266.
[6] Writ den. 448 So.2d 689 (1984).
[7] Writ den. Lyons v. State, 581 So.2d 680 (1991).
[8] Writ den. 97-2134 (La.11/14/97), 703 So.2d 631.