744 So.2d 108 (1999)
STATE of Louisiana
v.
Carl BRYANT.
No. 98-KA-1115.
Court of Appeal of Louisiana, Fourth Circuit.
August 4, 1999.
*109 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
C. Gary Wainwright, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MOON LANDRIEU and Judge MICHAEL E. KIRBY.
ARMSTRONG, Judge.

STATEMENT OF CASE
On September 19, 1995, the defendant, Carl Bryant, was charged by a bill of information with possession with the intent to distribute crack cocaine, a violation of La. R.S. 40:967 B(1). At his arraignment on September 25, 1995, the defendant entered a not guilty plea. On April 26, 1996, the trial court denied the defendant's motion to suppress the evidence. During voir dire on July 22, 1997, the trial court was informed that there were not enough prospective jurors remaining in the pool from which to pick a jury, and a mistrial was declared. On October 30, 1997, the defendant entered a guilty plea as charged under State v. Crosby, 338 So.2d 584 (La. 1976), reserving his right to appeal the pre-trial ruling on his motion to suppress the evidence. The trial court then granted his motion for appeal.[1]

STATEMENT OF FACTS
At the hearing on the motion to suppress the evidence, Officer Jake Schnapp testified that, based on information obtained from a confidential informant, he, Officer Lampart, and Sergeant Godeaux set up a surveillance in the 1200 block of South Robinson at approximately 5:00 P.M. on July 6, 1995. The informant provided the officers with a description of a person and with information that the person would be selling drugs from a dark green Oldsmobile Cutlass.
Once the surveillance was established, Officer Lampart saw what he believed was a narcotics transaction, and he radioed to Officer Schnapp and the sergeant to arrest defendant. When defendant denied owning the vehicle, Officer Schnapp removed the keys to the vehicle from defendant's pocket. The officer then retrieved a black bag containing crack cocaine from under the driver's seat of the car.
The defense called Calvin Rankin to the stand. He testified that he was present when the police arrested defendant and that he and defendant were sitting on the steps talking when the police arrived and handcuffed defendant, taking the defendant's car keys. Mr. Rankin was also handcuffed. He stated that no individuals *110 approached defendant during their conversation, and he saw the police remove the black bag from defendant's car. Mr. Rankin implied that the police planted the bag in the car.

ERRORS PATENT
A review of the record shows one error patent. The trial court granted the appeal prior to sentencing. While a defendant may only appeal from a final judgment of conviction where a sentence has been imposed, this court has held that when a sentence has been imposed after a motion for appeal has been granted, the appeal will not be dismissed. State v. Martin, 483 So.2d 1223, 1225 (La.App. 4th Cir.1986).
No other errors patent were found.

DISCUSSION

ASSIGNMENT OF ERROR
Defendant's sole assignment of error concerns the district court's denial of the motion to suppress the evidence. He argues that the officers lacked probable cause to arrest him because no evidence was presented attesting to the reliability of the informant and because the independent corroboration by the officers was insufficient to establish probable cause. Without probable cause, defendant argues that the officers were without justification to enter the vehicle and remove the black bag from under the driver's seat.
At the outset, we note that both the state and defendant have composed the statement of the facts from the transcript of the probable cause hearing held in the Magistrate Section of the trial court on July 18, 1995. Only Officer Lampart testified at the hearing on July 18th; whereas only Officer Schnapp testified at the motion to suppress hearing conducted on April 26, 1996, before Judge Frank Shea. The facts established at the probable cause hearing are considerably more detailed.
Officer Lampart testified that he received information from a documented and paid informant that a black male in his late twenties or early thirties was selling narcotics out of a dark green Oldsmobile in the 1200 block of South Robinson. The activity went on every day and began at approximately 5:00 in the evening.
A surveillance of the 1200 block was set up on July 6, 1995 at 5:00 P.M. Roughly five minutes after the surveillance was established, the defendant drove up in the green Oldsmobile. He exited the car and sat on the steps of an abandoned house. A few minutes later, an individual came and sat on the steps next to defendant. A second individual then engaged in a short conversation with the defendant. The defendant and he stepped over to the vehicle. The defendant opened the door of the vehicle and retrieved a black pouch from underneath the driver's seat. An exchange occurred, which included currency, and the defendant gave the individual something from out of the black bag. After the exchange, the second individual walked away. Officer Lampart radioed to Officer Schnapp and the sergeant to arrest the defendant.
Though an appellate court may consider evidence received at a trial when determining whether a ruling on a defense motion to suppress was correct, the jurisprudence is unclear as to whether it can rely on the testimony adduced at a preliminary hearing conducted pursuant to La.C.Cr.P. art. 291 et seq.[2]State v. Seward, 509 So.2d 413 (La.1987); State v. Brooks, 505 So.2d 714 (La.1987); State v. Adams, 521 So.2d 470 (La.App. 4th Cir.1988), writ den. 523 So.2d 231 (La.1988).
At a preliminary hearing hearsay testimony is admissible. C.E. art. 1101(B)(4). The evidentiary rules of the Code of Evidence are of limited applicability in such a proceeding. See Official Comment (g) to C.E. art. 1101. However, more formal *111 rules apply to motion to suppress hearings. See C.E. art. 1101(B)(8) and Official Comment (g). At a hearing on a motion to suppress the evidence, the state bears the burden of proving the admissibility of any evidence seized without a warrant. La. C.Cr.P. art. 703 D. Therefore, in light of these rules, it would appear that reliance on the evidence adduced at the preliminary hearing would be improper. Therefore, the following discussion is based solely on the testimony received at the motion to suppress hearing held on April 26, 1996.
Probable cause to arrest exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Wilson, 467 So.2d 503 (La.1985); cert. den. Wilson v. Louisiana 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Blue, 97-2699 (La.App. 4th Cir. 1/7/98), 705 So.2d 1242, 705 So.2d 1242 writ den. 98-0340 (La.3/27/98), 716 So.2d 887.
Whether an informant's tip establishes probable cause to arrest or reasonable suspicion to stop must be considered under the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Corroboration of details of an informant's tip by an independent police investigation is valuable when applying the totality of the circumstances analysis. State v. Raheem, 464 So.2d 293 (La. 1985).
Although the reliability of the informant here was not established at the motion to suppress hearing, corroboration of the informant's tip was made by the officers. Officer Schnapp testified that his partner, Officer Lampart, observed the defendant conduct what appeared to be a drug transaction prior to the defendant's arrest and seizure of the black bag from the vehicle.
The defendant argues, however, that the independent police investigation was insufficient to establish probable cause because there was no testimony indicating that the defendant appeared to be nervous or suspicious and because the officers could not identify the object taken out of the black pouch. In support of his claim, defendant likens his case to that in State v. Thornton, 621 So.2d 173 (La.App. 4th Cir. 1993) writ den. 93-2109 (La.9/23/94), 642 So.2d 1307, but the case may be distinguished.
In Thornton, this court found that the police lacked probable cause based solely on the officers' observation of an exchange of money for an unknown object wrapped in white paper between the defendant and another man in an area known for drug trafficking. Neither of the two men attempted to elude the officers or act in an otherwise suspicious manner, and the men were not known to the officers.[3] Yet, unlike Thornton, here, Officer Lampart observed the transaction after receiving the informant's tip and establishing a surveillance.
Based on the corroboration of the informant's tip by Officer Lampart, it appears that the officers had probable cause to believe that the pouch inside the vehicle contained contraband. Therefore, the warrantless search of the vehicle was justified. State v. Tatum, 466 So.2d 29, 31 (La.1985).[4] Once the crack cocaine was found, the officers had probable cause to arrest the defendant.
Finally, the defendant asserts that the lack of credibility on the part of Officers Lampart and Schnapp should factor in on whether probable cause existed.
*112 First, he asserts that Officer Lampart's testimony differed from Officer Schnapp's as to whether keys were taken from the defendant and as to whether the doors to the Oldsmobile were locked.
Officer Lampart testified that he did not see any keys removed from the defendant and that the doors to the vehicle were unlocked. Importantly, Officer Lampart did not make the arrest of defendant or remove the black pouch from the vehicle. Officer Schnapp arrested defendant, and he testified that he took the vehicle's keys from defendant. Further, Officer Lampart's testimony was available to defendant for impeachment purposes during the motion to suppress hearing. No attempt was made at the hearing to impeach Officer Schnapp's testimony.
Second, the defendant argues that the officers' credibility was shattered based on a 1997 newspaper article that appeared in the Times-Picayune, which is attached as defense exhibit A. The article referred to a separate article that appeared in a Milwaukee newspaper. The reporter, who wrote the article in the Milwaukee paper, rode with the officers to gather information for a story on the NOPD's new emphasis on "zero tolerance" enforcement of minor laws that affect quality of life. The reporter wrote that during routine patrols, Schnapp and his partner Bryan Lampart, "searched numerous cars at random, during ill-defined traffic stops, admitting later there was not probable cause." The defendant notes that the Louisiana Supreme Court has held that portions of the article may be utilized during cross-examination of the two officers at trial. See State v. Dwayne Carter, 97-KK-2494 (La. 10/9/97), 703 So.2d 588, attached to defense exhibit B.
We find that the fact situation referred to by the Milwaukee reporter, ill-defined traffic stops, is not the same as the fact situation involved here. Further, whether the reporter's comments, without more, would have affected the credibility determination of the officers by Judge Shea is speculative. For instance, the defendant does not show or suggest that the outcome of other cases was affected by the successful impeachment of Officers Schnapp and Lampart through the use of the newspaper article.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The defendant's brief was filed on May 14, 1998; however, because the defendant had yet to be sentenced, the matter was remanded on May 21, 1998, for sentencing. On May 26, 1998, the defendant was sentenced to serve five years at hard labor. Execution of the sentence was deferred until July 27, 1998. A brief was filed by the state on June 24, 1998.
[2] The original draft referred to a probable cause determination pursuant to C.Cr.P. art. 230.2. However, that is not an adversary proceeding and appears to be conducted on affidavits only, so there would be no transcript or cross examination.
[3] The court did find that the officers had reasonable suspicion to justify an investigatory stop, but reversed the conviction because the frisk of defendant went beyond that of a search for weapons.
[4] Notably, had the matter proceeded to trial, the more detailed account of the incident would have presumably been presented. The more detailed account shows that the officers had probable cause.