773 So.2d 259 (2000)
STATE of Louisiana
v.
Kennedy D. KIRK.
No. 2000-KA-0190.
Court of Appeal of Louisiana, Fourth Circuit.
November 15, 2000.
*261 Harry F. Connick, District Attorney, Juliet Clark, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Junki Kim, Student Attorney Tulane Law School Community Services Program, Sherry Watters, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE.
KIRBY, Judge.

STATEMENT OF THE CASE:
The defendant and co-defendant, Paul Cook, were charged by bill of information with possession of cocaine with intent to distribute on May 18, 1998. La. R.S. 40:967. The defendant was arraigned and pled not guilty on May 21, 1998. He filed a motion to suppress evidence which was denied June 1, 1998. A twelve member jury found the defendant guilty as charged September 22, 1998. He was sentenced November 23, 1998, to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. He filed a motion for reconsideration of sentence that was denied. He filed a motion for appeal that day.

ERRORS PATENT:
La. R.S. 40:967(B)(4)(b) provides that only the first five years of the sentence be served without benefit of parole, probation or suspension of sentence. Because the defendant was sentenced without those benefits on the entire fifteen year sentence, the denial of those benefits on the last ten years of his sentence are deleted.

FACTS:
Detective John Burnett testified at trial that he and his partner, Detective Derrick Brumfield, went to the 2300 block of Washington Avenue on March 5, 1998, around 5:00 p.m. to observe the apartment in question. At the motion to suppress hearing, the officer testified that they went to the location in response to a citizen complaint. Once there, they saw a person approach the apartment and exchange currency for a small object. They continued watching the apartment and saw a total of four apparent narcotics transactions. Burnett saw the defendant complete a transaction. After the fourth transaction, Burnett ordered that the buyer be "taken down." Detective Steven Gaudet and his partner stopped the man. Because the stop took place within a block of the apartment, Burnett feared that evidence would be destroyed and ordered that the apartment be entered. Upon the officers' entering, the defendant sat on a gun. Another weapon was on a table to the defendant's left. Both defendants were "secured." Officers obtained a search warrant. After the warrant was obtained, a search of the defendant revealed fifty-eight pieces of crack cocaine and $283.00. The officers seized a cooking tube from the apartment.

ASSIGNMENT OF ERROR:
The defendant argues the trial court erred in denying the motion to suppress evidence.
He makes a long argument that there were not exigent circumstances for entering the apartment without a warrant. However, the evidence required to prove that the defendant possessed cocaine with the intent to distribute, namely the cocaine and the money, was not found in the apartment, but on his person. The only items *262 found in the apartment were a cooking tube and guns, and the defendant was not charged with a firearms offense.
This court recently reviewed the law on point in State v. Dorsey, 99-1819, pp. 5-6 (La.App. 4 Cir. 4/19/00), 763 So.2d 21:
On trial of a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. La.C.Cr.P. art. 703(D); State v. Jones, 97-2217, p. 10 (La.App. 4 Cir. 2/24/99), 731 So.2d 389, 395, writ denied, 99-1702 (La.11/5/99), 751 So.2d 234. A trial court's ruling on a motion to suppress the evidence is entitled to great weight, because the court has the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Mims, 98-2572, p. 3 (La.App. 4 Cir. 10/5/99), 752 So.2d 192. "In reviewing a trial court's ruling on a motion to suppress, an appellate court is not limited to evidence adduced at the hearing on the motion to suppress; it may also consider any pertinent evidence given at trial of the case." State v. Nogess, 98-0670, p. 11 (La.App. 4 Cir. 3/3/99), 729 So.2d 132, 137.
A search conducted without a warrant is per se unreasonable, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tomasetti, 381 So.2d 420, 423 (La.1980). One of those exceptions is a search of a person and the area within his immediate control incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Tomasetti, 381 So.2d at 423. La.C.Cr.P. art. 201 defines arrest as "the taking of one person into custody by another [by] actual restraint of the person." The distinguishing factor between an arrest and the lesser intrusive investigatory stop is that in the former, a reasonable person would not feel that he is free to leave, while in the latter, a reasonable person would feel free to leave after identifying himself and accounting for his suspicious actions-"it is the circumstances indicating intent to effect an extended restraint on the liberty of the accused" that is determinative of when an arrest occurs. State v. Allan, 95-1754, p. 6 (La.9/5/96), 682 So.2d 713, 719.
A warrantless arrest must be based on probable cause. State v. Jackson, 450 So.2d 621, 627 (La.1984); State v. Creecy, 98-1472, p. 6 (La.App. 4 Cir. 7/14/99), 742 So.2d 615, 619. Probable cause exists when the facts and circumstances, either personally known to the arresting officer or of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Johnson, 98-2544, p. 6 (La.App. 4 Cir. 11/17/99), 748 So.2d 527; State v. Bryant, 98-1115, p. 5 (La.App. 4 Cir. 8/4/99), 744 So.2d 108, 111. Probable cause is assessed by an objective standard that must withstand the "detached, neutral scrutiny of a judge." State v. Fisher, 97-1133, p. 8 (La.9/9/98), 720 So.2d 1179, 1184 (quoting State v. Flowers, 441 So.2d 707, 712 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984)). In determining whether probable cause existed, the court should take into account the "practical considerations of everyday life on which ... average police officers can be expected to act." Id. (quoting State v. Raheem, 464 So.2d 293, 296 (La.1985). The determination of probable cause, although requiring something more than bare suspicion, does not require evidence sufficient to support a conviction; probable cause, as the very name implies, deals with probabilities. State v. Green, 98-1021 (La.App. 4 Cir. 12/22/99), 750 So.2d 343. The determination of *263 probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands. Id.

In this case, the officers received information from a citizen that drugs were being sold from an apartment. They observed the defendant come to the door and complete drug transactions. They stopped a buyer and found him in possession of cocaine. They immediately knocked on the door of the apartment, arrested the defendant, searched him thereto and discovered the cocaine and the money. The officers had probable cause to arrest and properly searched the defendant incident thereto. The trial court properly denied the motion to suppress. This assignment is without merit.

CONCLUSION:
Therefore, we affirm the conviction, delete the denial of benefits on the last ten years of the sentence, and affirm as amended.
AFFIRMED AND AS AFFIRMED AMENDED.