1LOVE, Judge.

STATEMENT OF CASE

By bill of information filed March 30, 2000, defendant was charged with possession with the intent to distribute marijuana and possession of a firearm as a convicted felon.[1] At arraignment on April 3, 2000, he pled not guilty. On April 10, 2000, counsel waived all pretrial motions after receiving a copy of the police report, which is not a part of the record. Following trial on April 25, 2000, a twelve-member jury found defendant guilty of attempted possession with the intent to distribute marijuana. The second count of the bill of information was nolle prosequied by the state on July 11, 2000. Afterwards, defendant was sentenced to serve ten years at hard labor. He then pled guilty to a multiple bill of information. The district court vacated the previous sentence imposed and re-sentenced defendant as a third felony offender to serve ten years at hard labor. Defendant filed a motion to reconsider his sentence, which was denied, but his motion for appeal was granted.

¡¿STATEMENT OF FACTS

At approximately 9:00 p.m. on February 10, 2000, Officer Derek Burke was conducting an undercover surveillance in an apartment complex on Curran Boulevard in Orleans Parish. While there, he observed defendant exit onto the well-lit balcony in front of apartment F235, leaving the front door to the apartment open. Shortly afterwards, John Mitchell approached defendant on the balcony. Mitchell handed defendant currency, and defendant gave him a small object in return. Officer Burke observed this transaction through binoculars, and relayed this information to a back-up team of officers, which then approached Mitchell.
Detective Jack Schnapp, a member of the back-up team, testified that when he and his partner approached Mitchell in a marked police unit, Mitchell removed an object from his pocket and dropped it on the ground. The officers found that the *723 object was a small Ziploc bag containing marijuana, and they arrested Mitchell.
Because of the proximity of the arrest of Mitchell and apartment F235, the officers acted quickly to secure the apartment so that evidence could not be destroyed. Within less than two minutes after Mitchell’s arrest, the officers kicked in the front door of the apartment and found Patricia Pugh, two small children, and defendant inside. Next to the door, Officer Hamilton observed an open shoebox containing several small bags of what appeared to be marijuana and some currency. After securing the apartment, Ms. Pugh, as lessee, consented to a search of her apartment but nothing more was found.[2] In all, twenty-six small bags were seized along with $62 .00 from the shoebox. Detective Burke identified defendant |sfrom a photograph taken after defendant’s arrest. The parties stipulated that the twenty-six small bags contained marijuana.
Patricia Pugh testified that defendant is the father of her two children. Roughly seven months had elapsed since she had last seen defendant, and defendant was at her apartment only to pick up his children. She stated that the marijuana found by the police was for her personal use, and defendant did not know that it was in the apartment. Ms. Pugh further stated that defendant exited the apartment only once in the thirty minutes that he was there, and that was to take out the garbage. Although she saw Mitchell that evening, Ms. Pugh testified that he was never on the balcony with defendant and that she did not observe defendant sell anything.

DISCUSSION

ERRORS PATENT

No errors patent were found.

ASSIGNMENT OF ERROR

In his sole assignment of error, defendant argues that his counsel was ineffective because counsel failed to move to suppress evidence of marijuana, which was illegally seized.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel’s performance was deficient and that the deficient performance prejudiced him. Counsel’s performance is deficient when counsel makes errors so serious that the Sixth Amendment “right to counsel” is violated. Deficient performance prejudices a defendant when counsel’s errors are so serious that the defendant is deprived of a fair trial that leads to a reliable result. Id., 466 U.S. at 687, 104 S.Ct. 2064. A claim of ineffective assistance may be 14disposed of if either of the Strickland prongs has not been met. State v. James, 555 So.2d 519, 524 (La.App. 4 Cir.1989).
Generally, the issue of ineffective assistance of counsel is a matter more properly raised in an application for post-conviction relief in the trial court where an evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729, 737 (La.1984); State v. Sparrow, 612 So.2d 191, 199 .(La.App. 4 Cir.1992). Only when the record contains the necessary evidence to evaluate the merits of the claim can it be addressed on appeal. State v. Seiss, 428 So.2d 444, 449 (La.1983); State v. Kelly, 92-2446 (La.App. 4 Cir. 7/8/94), 639 So.2d 888, 896. Here, the record contains sufficient facts to address defendant’s claim.
Defendant argues that the marijuana evidence was illegally seized because the officers entered the apartment without *724 a warrant and without probable cause. In State v. Page, 95-2401, p. 10, (La.App. 4 Cir. 8/21/96), 680 So.2d 700, 709, this Court discussed warrantless entry into a protected area:
There is a justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320, 1326 (La.1979). Exigent circumstances are exceptional circumstances which, when coupled with probable cause, justify an entry into a “protected” area that, without those exceptional circumstances, would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury to the officers and the public, and the destruction of evidence. State v. Hathaway, 411 So.2d 1074, 1079 (La.1982).
See also State v. Brown, 99-0640 (La.App. 4 Cir. 5/26/99), 733 So.2d 1282, 1287-88; State v. Blue, 97-2699 (La.App. 4 Cir. 1/7/98), 705 So.2d 1242, 1244; State v. Tate, 623 So.2d 908, 914-15 (La.App. 4 Cir.1993).
Defendant argues that no objective evidence was presented establishing probable cause. Instead, the officers acted solely on Detective Burke’s belief that | Bhe had witnessed a narcotics transaction. Specifically, defendant argues that no evidence was presented showing that he possessed marijuana or that marijuana was being stored in the apartment. Defendant also asserts that there is no proof that he reentered apartment F235 following the alleged sale.
At trial, the State failed to show the reason for their surveillance of defendant and it failed' to show that marijuana was inside of apartment F235.[3] Still, the officers had probable cause to arrest defendant. Detective Burke witnessed the exchange between defendant and Mitchell, and Detective Burke’s observations were corroborated. Mitchell, who was involved in the exchange with defendant, dropped a small Ziploc bag of marijuana when police approached him immediately following the exchange. The officers reasonably assumed that the Ziploc bag was the small object handed to Mitchell during the exchange, giving them probable cause to arrest defendant.
Further, there were exigent circumstances allowing a warrantless entry into the apartment. Defendant argues there is no proof he re-entered apartment F235 after the alleged exchange with Mitchell. He notes that Detective Burke testified he did not see the defendant re-enter the apartment and there were four apartments which were accessible from the same balcony.
At trial, Detective Burke stated he observed the defendant exit F235, and during the transaction with Mitchell, the apartment door was left open. Although Detective Burke did not actually see defendant re-enter the apartment, he was certain that the defendant did not descend the stairs leading from the balcony. The apartment door was closed minutes later when the officers entered. The officers | (¡reasonably assumed that defendant reentered the same apartment from which he exited. Because the transaction and Mitchell’s stop and arrest were in close proximity to the apartment, the officers secured the apartment to prevent the possible destruction of evidence.
*725 In State v. Williams, 619 So.2d 650 (La.App. 4 Cir.1993), a confidential informant told the officers that two brothers were dealing narcotics from their home. This information was corroborated on two occasions by police surveillance. After arresting one of the brothers and an accomplice, the officers entered and secured the residence to prevent other occupants of the residence from possibly destroying evidence. This court found that the officers were justified in entering and securing the premises to prevent the destruction of evidence. Similarly, in State v. Woods, 591 So.2d 1323 (La.App. 4 Cir.1991), officers received information that someone was selling cocaine from a residence, and this information was corroborated during police surveillance. After arresting the subject outside of the residence, the officers entered the residence to secure it. This court found that the warrantless entry into the residence was justified because officers had seen defendant’s brother at the residence one week earlier, and he could have been in the residence.
Likewise, the officers’ entry into apartment F235 was justified in this case. In Williams and Woods, a defendant was already in custody and officers entered a dwelling to secure it against the possibility of someone else destroying evidence. In this case, the actual defendant was in apartment F235, which presents an even stronger possibility of destruction of evidence. If defendant was aware of Mitchell’s stop and arrest, the possibility of his escape clearly existed along with the possibility that evidence might be destroyed. Exigent circumstances existed ^justifying the officers’ entry into the apartment. Once inside, the officers observed the marijuana in plain view and seized it. The evidence was properly seized and admissible at trial.
Considering these facts, neither prong of Strickland has been met. Although counsel could have urged deficiencies in the police report in a motion to suppress hearing, counsel’s failure to urge a motion to suppress did not deprive defendant of his Sixth Amendment “right to counsel” and did not deprive defendant of a fair trial. Even if counsel had urged a motion to suppress on the grounds that the marijuana was illegally seized, the evidence was admissible at trial because the requisite probable cause and exigent circumstances existed, justifying the officers’ seizure of the marijuana.

CONCLUSION

For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. A codefendant, John Mitchell, was charged with possession of marijuana, second offense, to which he pled guilty on May 8, 2000.

. After securing the apartment, Detective Schnapp informed Ms. Pugh that he could either obtain a search warrant or she could consent to a search of her apartment. She then executed'a consent form.

. The police report, which defense counsel reviewed prior to waiving pretrial motions, also failed to contain this information.