**Karen WORYTKO, Plaintiff–Appellant,**

v.

**COUNTY OF SUFFOLK, Michael Reppenger, Shield # 4914, individually and as police officer of the County of Suffolk, Ferdinando Crasa, Shield # 5022, individually and as police officer of the County of Suffolk, Kerry A. McGrath, individually and as police officer of the County of Suffolk, Suffolk County Police Department, An-**thony Passarella, individually and as police officer of the County of Suffolk, Defendants–Cross–Defendants–Appellees,**

**Donna M. Aiello, Timothy J. Aiello, Defendants–Cross–Claimants–Appellees.**

No. 06–0371–cv.

United States Court of Appeals, Second Circuit.

July 7, 2008.

Michael A. Ciaffa, (Mary Ellen O'Brien, of counsel, on the brief), Meyer, Suozzi, English & Klein, P.C., Garden City, NY, for Plaintiff–Appellant.

Arlene S. Zwilling, Assistant County Attorney (Christine Malafi, Suffolk County

Attorney, on the brief), Hauppauge, NY, for Defendants–Cross–Defendants–Appellees.

Arthur J. Smith, Baxter, Smith, Tassan & Shapiro, P.C., Hicksville, NY, for Defendants–Cross–Claimants–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. WILLIAM K. SESSIONS III,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Karen Worytko appeals from a judgment of the United States District Court for the Eastern District of New York (Dennis R. Hurley, *Judge*) entered on December 23, 2005, dismissing her claims under 42 U.S.C. § 1983 and New York law following a jury trial and from an order denying her motion for a new trial pursuant to Fed. R.Civ.P. 59.

On appeal, Worytko principally challenges the District Court's jury instructions with respect to the entry into her home by several of the Suffolk County police officer defendants. Worytko argues (1) that this issue should not have even been submitted to the jury because the evidence was insufficient to support a finding of exigent circumstances; and (2) that the District Court's instructions erroneously charged that "hot pursuit" alone could justify an entry without explaining the multi-factor test set forth in *United States v. MacDonald*, 916 F.2d 766, 769–70 (2d Cir.1990) (en banc). Worytko further argues that the District Court abused its discretion in denying her Rule 59 motion on this basis and erred in concluding that the defendant officers would, in any event, be entitled to qualified immunity. We assume the parties' familiarity with the facts,

the record of prior proceedings, and the issues on appeal. For the reasons that follow, we affirm the judgment of the District Court and the denial of Worytko's Rule 59 motion.

"We review a claim of error in a jury instruction *de novo* and will reverse only if the error was prejudicial in light of the charge as a whole. A jury instruction is proper so long as the charge correctly and sufficiently covers the case to allow the jury intelligently to decide the questions presented to it." *Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 761 (2d Cir.1998) (citation omitted), *cert. denied*, 526 U.S. 1145, 119 S.Ct. 2020, 143 L.Ed.2d 1032 (1999). "Where the court's instruction misleads the jury as to the correct legal standard or where it fails to adequately inform the jury on the law, it will be deemed erroneous. An erroneous jury instruction mandates a new trial unless the error is harmless." *Cobb v. Pozzi*, 363 F.3d 89, 112 (2d Cir.2004) (citation omitted).

"A district court's decision to grant or deny a motion for a new trial will be reversed only if the trial court's decision was an abuse of discretion. A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir.) (citations and internal quotation marks omitted), *cert. denied*, 534 U.S. 891, 122 S.Ct. 207, 151 L.Ed.2d 147 (2001); *see also Nimely v. City of New York*, 414 F.3d 381, 392 (2d Cir.2005).

Worytko's arguments fail because we find that she abandoned any claim of unlawful entry. In her Second Amended Complaint, Worytko alleged that the de-

* The Honorable William K. Sessions III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

fendant officers "unlawfully entered [her] home without any permission, warrant or probable cause" and "illegally handcuffed" her. Although in setting forth her several causes of action she labeled this a "false arrest" claim, such a pleading states a claim for an unconstitutional search and seizure based on an unjustified entry into the home as well as a claim for an unconstitutional arrest based on a lack of probable cause. *See Loria v. Gorman,* 306 F.3d 1271, 1279, 1282 (2d Cir.2002) (construing allegations of an arrest in plaintiff's home "without probable cause, justification and/or a warrant" in violation of the Fourth Amendment as claims "for common-law false arrest and for an unconstitutional search and seizure"). In addition, at trial, Worytko submitted a brief regarding the legality of the officers' entry, arguing both that the officers lacked probable cause to arrest her "either inside or outside her residence" and that there were no exigent circumstances justifying the entry. Worytko also specifically asked the District Court to instruct the jury on the factors relating to exigent circumstances set forth in *MacDonald,* 916 F.2d at 769–70. The District Court rejected Worytko's request and instructed the jury on entry into the home in the course of charging the elements of Worytko's claims for false arrest and false imprisonment.

Worytko continues to argue on appeal that her claim for unlawful entry was part of her claim of "false arrest." Indeed, as the defendants point out, no separate claim for unlawful entry as distinct from false arrest was submitted to the jury in the verdict sheet. And, as noted, the jury instructions with respect to the entry fell within the charge on Worytko's false arrest and false imprisonment claims.

Worytko accurately maintains that probable cause alone does not justify a warrantless entry into a home. *See Kirk v. Louisiana,* 536 U.S. 635, 638, 122 S.Ct. 2458, 153 L.Ed.2d 599 (2002) (per curiam) ("[P]olice officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home."); *Welsh v. Wisconsin,* 466 U.S. 740, 749, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); *Loria,* 306 F.3d at 1283–84.

The District Court, however, instructed the jury that "[p]robable cause, if present, is an absolute defense to the false arrest and false imprisonment counts. If probable cause was present for any of the charges leveled against plaintiff, ... you must find for each of the ... defendant police officers involved on plaintiff's false arrest and false imprisonment claims." In response to this charge, Worytko neither invoked the rule that probable cause alone does not justify a warrantless entry into a home nor asserted a separate claim for unlawful entry. Rather, Worytko objected to this charge only on the grounds that it did not apply to arrests for non-felonies, not on the ground that it was inapplicable to any asserted claim for unlawful entry. Nor did Worytko dispute the dispositive nature of a finding of probable cause when the County Defendants requested a special interrogatory on the issue. Rather, Worytko merely argued that a separate interrogatory was "confusing or cumulative." Finally, Worytko neither challenged this instruction in her Rule 59 motion nor in the instant appeal.

By conceding that the existence of probable cause was dispositive of her claim for false arrest, Worytko has abandoned any distinct claim for unlawful entry that might otherwise have been subsumed therein. As the District Court noted in denying the Rule 59 motion, Worytko "does not explain which, if any, of her claims would require retrial should the Court accept her position." Accordingly, we find any alleged error in the District Court's jury instruction to be harmless,

and we further find that the District Court did not exceed its allowable discretion in denying Worytko's Rule 59 motion.

We have considered all of Worytko's arguments and find them to be without merit. Accordingly, the judgment and order of the District Court are AFFIRMED.