## KIRK v. LOUISIANA

No. 01–8419.   Decided June 24, 2002

PER CURIAM.

Police officers entered petitioner's home, where they arrested and searched him.   The officers had neither an arrest warrant nor a search warrant.   Without deciding whether exigent circumstances had been present, the Louisiana Court of Appeal concluded that the warrantless entry, arrest, and search did not violate the Fourth Amendment of the Federal Constitution because there had been probable cause to arrest petitioner.   00–0190 (La. App. 11/15/00), 773 So. 2d 259. The court's reasoning plainly violates our holding in *Payton*

v. *New York*, 445 U. S. 573, 590 (1980), that "[a]bsent exigent circumstances," the "firm line at the entrance to the house . . . may not reasonably be crossed without a warrant." We thus grant the petition for a writ of certiorari and reverse the Court of Appeal's conclusion that the officers' actions were lawful, absent exigent circumstances.*

On an evening in March 1998, police officers observed petitioner's apartment based on an anonymous citizen complaint that drug sales were occurring there. After witnessing what appeared to be several drug purchases and allowing the buyers to leave the scene, the officers stopped one of the buyers on the street outside petitioner's residence. The officers later testified that "[b]ecause the stop took place within a block of the apartment, [they] feared that evidence would be destroyed and ordered that the apartment be entered." 00–0190, at 2, 773 So. 2d, at 261. Thus, "[t]hey immediately knocked on the door of the apartment, arrested the defendant, searched him thereto and discovered the cocaine and the money." *Id.*, at 4, 773 So. 2d, at 263. Although the officers sought and obtained a search warrant while they detained petitioner in his home, they only obtained this warrant after they had entered his home, arrested him, frisked him, found a drug vial in his underwear, and observed contraband in plain view in the apartment.

Based on these events, petitioner was charged in a Louisiana court with possession of cocaine with intent to distribute. He filed a pretrial motion to suppress evidence obtained by the police as a result of their warrantless entry, arrest, and search. After holding a suppression hearing, the trial court denied this motion. Petitioner was convicted and sentenced to 15 years at hard labor.

On direct review to the Louisiana Court of Appeal, petitioner challenged the trial court's suppression ruling. He argued that the police were not justified in entering his home

---

*We also grant petitioner's motion for leave to proceed *in forma pauperis*.

without a warrant absent exigent circumstances. The Court of Appeal acknowledged petitioner's argument: "[Petitioner] makes a long argument that there were not exigent circumstances for entering the apartment without a warrant." *Id.*, at 2, 773 So. 2d, at 261. The court, however, declined to decide whether exigent circumstances had been present, because "the evidence required to prove that the defendant possessed cocaine with the intent to distribute, namely the cocaine and the money, was not found in the apartment, but on his person." *Ibid.* The court concluded that because "[t]he officers had probable cause to arrest and properly searched the defendant incident thereto . . . [, t]he trial court properly denied the motion to suppress." *Id.*, at 4, 773 So. 2d, at 263.

The Louisiana Supreme Court denied review by a vote of 4 to 3. In a written dissent, Chief Justice Calogero explained:

> "The Fourth Amendment to the United States constitution has drawn a firm line at the entrance to the home, and thus, the police need both probable cause to either arrest or search and exigent circumstances to justify a nonconsensual warrantless intrusion into private premises. . . . Here, the defendant was arrested inside an apartment, without a warrant, and the state has not demonstrated that exigent circumstances were present. Consequently, defendant's arrest was unconstitutional, and his motion to suppress should have been granted." App. to Pet. for Cert. 1–2.

We agree with Chief Justice Calogero that the Court of Appeal clearly erred by concluding that petitioner's arrest and the search "incident thereto," 00–0190, at 4, 773 So. 2d, at 263, were constitutionally permissible. In *Payton*, we examined whether the Fourth Amendment was violated by a state statute that authorized officers to "enter a private residence without a warrant and with force, if necessary, to make a routine felony arrest." 445 U. S., at 574. We deter-

mined that "the reasons for upholding warrantless arrests in a public place do not apply to warrantless invasions of the privacy of the home." *Id.*, at 576. We held that because "the Fourth Amendment has drawn a firm line at the entrance to the house . . . [, a]bsent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Id.*, at 590. And we noted that an arrest warrant founded on probable cause, as well as a search warrant, would suffice for entry. *Id.*, at 603.

Here, the police had neither an arrest warrant for petitioner, nor a search warrant for petitioner's apartment, when they entered his home, arrested him, and searched him. The officers testified at the suppression hearing that the reason for their actions was a fear that evidence would be destroyed, but the Louisiana Court of Appeal did not determine that such exigent circumstances were present. Rather, the court, in respondent's own words, determined "that the defendant's argument that there were no exigent circumstances to justify the warrantless entry of the apartment was irrelevant" to the constitutionality of the officers' actions. Brief in Opposition 2–3. As *Payton* makes plain, police officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home. The Court of Appeal's ruling to the contrary, and consequent failure to assess whether exigent circumstances were present in this case, violated *Payton.*

Petitioner and respondent both dispute at length whether exigent circumstances were, in fact, present. We express no opinion on that question, nor on respondent's argument that any Fourth Amendment violation was cured because the police had an "independent source" for the recovered evidence. Brief in Opposition 8. Rather, we reverse the Court of Appeal's judgment that exigent circumstances were not required to justify the officers' conduct, and remand for further proceedings not inconsistent with this opinion.

*It is so ordered.*