UNITED STATES of America,
Plaintiff,

v.

Jose HERNANDEZ, Defendant.

No. 02–20287–CR.

United States District Court,
S.D. Florida,
Miami Division.

July 25, 2002.

John C. Shipley, Jr., United States Attorney's Office, PTS Officer, Pretrial Services Office, Probation Officer, United States Probation Office, Miami, FL, for Plaintiff.

Public Defender, Henry Philip Bell, Federal Public Defender's Office, Miami, FL, for Defendant.

## ORDER GRANTING MOTION TO SUPPRESS

MORENO, District Judge.

After a warrantless search of the Defendant's home, Government agents found illegal narcotics on the premises which led to the Defendant's arrest for possession with intent to distribute. Defendant filed a motion to suppress the evidence produced by the warrantless search because Defendant's consent was not valid and no exigent circumstances existed to overcome the warrant requirement. After conducting an evidentiary hearing the Court finds no exigent circumstances to justify the warrantless search. The Court also finds that consent was not freely given to search the premises. Therefore, the Motion to Suppress the contraband is GRANTED.

## I. BACKGROUND

On March 15, 2002, Government agents forcibly entered the Defendant's home after receiving verification by a Confidential Informant of the presence of illegal narcotics. The Government agents, accompanied by local police, entered the home by ramming their cars through the fence on two sides of the property. The agents have claimed that ramming the fence, described as between four to six feet in height, was necessary in order to protect the informant and prevent destruction of evidence. After hearing the loud noise caused by this entrance, Defendant walked outside the home. The agents immediately detained him, placed the Defendant in custody, and handcuffed him. The agents then performed a protective sweep to secure the premises of any weapons or related dangers.

After the Government agents rammed the fence and placed the Defendant into custody, Government agents asked Defendant to read and sign while handcuffed, a consent form, which granted permission for the agents to search the premises. At the same time, the Defendant was asked to sign a Miranda waiver. The forms were written in Spanish, the Defendant's native language. The Defendant was restrained during the entire episode unable to move around the premises freely. Defendant signed the forms approximately four minutes after the initial entry.

Subsequent to these signatures, the Defendant confessed to drugs being hidden in the garage located adjacent to Defendant's

home. The Government agents seized the narcotics, later identified as heroin. Defendant was charged with conspiracy and possession with intent to distribute. Defendant has moved to suppress all evidence and statements made on the date of his arrest.

## II. LEGAL ANALYSIS

 It is well recognized that searches and seizures conducted without a warrant are per se unreasonable under the Fourth Amendment. *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). There is no doubt here that no warrant existed or was asked for by the authorities. However, the Fourth Amendment permits law enforcement to conduct a warrantless and non-consensual entry onto a Defendant's property so long as probable cause and exigent circumstances existed. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *United States v. Ramos*, 933 F.2d 968, 972 (11th Cir.1991); *United States v. Tobin*, 923 F.2d 1506, 1509 (11th Cir.1991) (en banc). A warrantless search pursuant to a valid consent is constitutionally permissible. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Gonzalez*, 71 F.3d 819, 827 (11th Cir. 1996). Additionally, the Supreme Court has held that absent exigent circumstances a warrantless entry violates the Fourth Amendment. *Kirk v. Louisiana*, —— U.S. ——, 122 S.Ct. 2458, 153 L.Ed.2d 599 (2002).

### A. Exigent Circumstances

 Defendant in this case argues that the circumstances were not sufficiently exigent to overcome the warrant requirement. Recognized situations where exigent circumstances have been found include: danger of flight or escape; danger

of harm to police officers or the general public; risk of loss, destruction, removal, or concealment of evidence; and "hot pursuit" of a fleeing suspect. *United States v. Santa*, 236 F.3d 662, 669 (11th Cir. 2000). It is well settled that circumstances are not normally considered exigent where the suspects are unaware of police surveillance. *Tobin*, 923 F.2d at 1511. Here there is no evidence that the defendant was aware of the informant's status or the presence of the Government agents surveillance.

In *Santa* the agents set up a sting operation whereby an informant was to purchase drugs from the Defendant. After a sample was tested the Defendant offered to arrange an additional sale at his home. Once the informant confirmed the presence of the drugs the agents entered Defendant's home without a warrant. The court held that exigent circumstances were not sufficient because the suspects had no knowledge that they were under police surveillance and therefore no situation arose for a warrantless search. *Santa* 236 F.3d at 669. Additionally, the court found it unlikely that danger of flight or destruction of drugs existed when the suspects had no reason to believe that they were under police surveillance. *Id.*

The Eleventh Circuit has established an emergency doctrine which allows police in certain situations, particularly 911 calls, to obtain evidence absent a warrant. *U.S. v. Holloway*, 290 F.3d 1331 (11th Cir.2002). The doctrine was created due to the increased danger and the lack of time in obtaining a warrant. This exception, however, has not been extended to drug stings like the case before us. Although there is danger involved in any drug transaction, the 11th Circuit has not, up to this point, found it necessary to include these events in the doctrine.

In this case, the government presents no evidence that the suspects were aware of the informant's status or that the police would observe what occurred in the home. There is also no showing that the informant was threatened or that the suspect would hurt the informant, although the Court could infer that such would result once the Defendant became aware of the informant's status. Both exigent circumstances and probable cause are required for a warrantless search absent a showing of either the initial entry is illegal. Here probable cause may have existed upon the informant's signal that drugs were present but no exigent circumstances sufficient to rise to a warrantless search were present.

## B. Consent

Generally a consent is valid only if given voluntarily. *Gonzalez*, 71 F.3d at 827. For the consent to be valid in situations where consent occurs after an illegal entry, the consent must also be sufficiently attenuated from the initial taint. *Santa*, 236 F.3d at 676. Thus after an illegal entry, the Court must determine first, whether Defendant's consent was voluntary and, second, whether the consent was attenuated from the entry.

### 1. Voluntariness

The Eleventh Circuit has looked at several factors to determine voluntariness such as whether the defendant was "free to leave," and whether there was "coercive police procedure." *United States v. Ramirez–Chilel*, 289 F.3d 744, 752 (11th Cir. 2002) (quoting *Gonzalez*, 71 F.3d at 830–831). In *Ramirez* the court found the consent to be voluntary because the suspect was free to walk around the apartment, the agents spent over 30 minutes translating and explaining the consent to search form and the suspect appeared to

understand the consent. The time spent between the initial entry and the signature of consent as well as the freedom to walk around instead of being handcuffed were definitive factors in the court's decision in *Ramirez*.

In contrast, here, the suspect was handcuffed during the entire episode not able to freely walk around. Only four minutes lapsed between the arrest and the consent. Thus, after considering the factors identified by the *Ramirez* court, it appears consent was not voluntary here.

### 2. Attenuation

The second requirement focuses on causation and whether the evidence being suppressed is sufficiently distinguishable from the illegal search. *See id.* The government may defeat a motion to suppress by demonstrating a break in the causal chain between entry and consent, such as intervening events or circumstances independent of the primary illegality that attenuates the initial taint. *Santa*, 236 F.3d at 669 (quoting *United States v. Bailey*, 691 F.2d 1009, 1013 (11th Cir. 1982)).

In *Santa*, the suspect had been read his Miranda warnings three minutes after the agents had entered the premises, ordered the suspect to the floor and handcuffed him. *See id.* at 677. The court held that, even if they assumed the consent to be voluntary, it was certainly not attenuated enough to dissipate the effect of the illegality because there was neither a significant lapse of time or an intervening circumstance. *See id.* at 678.

Similarly, here the suspect was handcuffed immediately and the consent was given within four minutes of the arrest. The facts show no significant lapse in time or intervening circumstances that would break the causal chain between the

initial entry and the consent. There is no evidence that the suspect understood his rights or thought that there was a choice in signing the form. Furthermore, the suspect was handcuffed when asked to sign and was encouraged to tell the agents where the drugs were. Thus, the consent was not valid and the evidence should be suppressed.

### CONCLUSION

The absence of knowledge by the suspects of police surveillance demonstrates no true risk of flight, danger of destruction of evidence or danger to the informant. Exigent circumstances therefore did not rise to the level necessary so as to avoid obtaining a warrant. Furthermore, the consent was neither voluntary nor attenuated enough from the initial taint so as to dissipate its effects. Thus, Defendant's motion to suppress the evidence obtained during the warrantless search of his home is GRANTED.