Deborah J. ANDERSON,
Plaintiff—Appellee,

v.

LONG BEACH CITY; D. Faris, # 5500;
R. Titus, # 5499; R. Zottneck; R.L.
Knight; B. Scavone; J. Poole, Defendants—Appellants.

Deborah J. Anderson, Plaintiff—
Appellant,

v.

Long Beach City; D. Faris, # 5500; R.
Titus, # 5499; R. Zottneck; R.L.
Knight; B. Scavone; J. Poole, Defendants—Appellees.

Deborah J. Anderson, Plaintiff—
Appellant,

v.

Long Beach City, Defendant—Appellee.

Deborah J. Anderson, Plaintiff—
Appellee,

v.

City Of Long Beach, Defendant—
Appellant.

Nos. 02–55102, 02–55209,
02–55529, 02–55589.
D.C. No. CV–00–00802–WJR,
CV–00–00802–WJR–03.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 24, 2003.

Donald W. Cook, Esq., Robert Mann, Esq., Barret S. Litt, Litt & Associates, Los Angeles, CA, for Plaintiff–Appellee/Plaintiff–Appellant.

William A. Reidder, Robert E. Shannon, Esq., Office of the City Attorney, Long Beach, CA, Timothy T. Coates, Esq., Greines, Martin, Stein and Richland, LLP, Los Angeles, CA, for Defendants–Appellants/Defendants–Appellees.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

The City of Long Beach appeals from partial summary judgment against it and from denial of its post-trial motions for judgment notwithstanding the verdict and for a new trial. Anderson cross-appeals various issues related to the district court's calculation of statutory attorney fees following judgment for her. We affirm the district court's partial summary judgment and its denial of Long Beach's post-trial motions. We affirm in part, and reverse and remand in part, the decision on fees. As the parties are familiar with the facts, we recount them only as necessary to explain our decision.

■ 1. The district court properly granted summary judgment to Anderson on the illegality of her seizure. We review the court's decision *de novo*, viewing all disputed facts in the light most favorable to Long Beach. *Diruzza v. County of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003) (summary judgment); *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003) (Rule 50 and Rule 59 motions).

Here, Long Beach's "Statement of Uncontroverted Facts and Conclusions of Law" asserted that Anderson "backed away from her doorway and into her residence" once Officer Faris "voiced his suspicion" that she was under the influence of a controlled substance, and that Faris then "crossed the threshold and entered into Ms. Anderson's home to arrest her." Anderson agreed these facts were undisputed. There was testimony in the record by Officer Faris, both at the preliminary hearing and, later, at trial, supporting this agreed-upon version of the facts.

Where Long Beach offered this version as undisputed, and Anderson agreed, Long Beach cannot be heard now to create a factual dispute by disavowing the facts it sought to have the district court find. *See* Fed.R.Civ.P. 56(d) (on partial summary judgment, the court "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted"). The district court found the facts to be just as the Statement of Uncontroverted Facts would have them and proceeded with its legal analysis on that basis. We will not, on appeal, disregard the parties' agreed version of the facts and find an actual controversy simply because one party belatedly preferred to characterize the facts in the record otherwise.

On the basis of the facts agreed by the parties to be undisputed, we agree with the district court that Anderson's arrest was illegal. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), generally demands an arrest warrant before the police may effectuate an arrest within a suspect's home. Unlike the defendants in *United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976), and *United States v. Vaneaton*, 49 F.3d 1423 (9th Cir.1995), Anderson was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not arrested in her doorway while exposed to public view. Rather, the officers crossed into her home once she was already several feet inside before placing her under arrest. The doorway exception therefore does not apply. *LaLonde v. County of Riverside*, 204 F.3d 947, 955 (9th Cir.2000).

A warrantless arrest within one's home is allowed only in the presence of both probable cause and exigent circumstances. *Kirk v. Louisiana*, 536 U.S. 635, 638, 122 S.Ct. 2458, 153 L.Ed.2d 599 (2002) (per curiam). Apart from the doorway exception theory, which *LaLonde* forecloses, Long Beach has offered no exigent circumstance sufficient to justify warrantless entry to effectuate a misdemeanor arrest. Because there were no exigent circumstances, we need not decide whether the officers had probable cause to arrest Anderson based on her appearance. We therefore affirm the district court's grant of summary judgment to Anderson on the illegality of her arrest.

■ 2. Long Beach argues that even if its officers illegally arrested Anderson, they were entitled to enter her home to arrest Wayne Smith. The officers believed that Smith was residing with Anderson, and they had a warrant for his arrest. The officers needed at least reasonable grounds for believing both that Smith was a co-resident and that he was present at the time they sought to arrest him. *Perez v. Simmons*, 884 F.2d 1136, 1142, *as amended*, 900 F.2d 213 (9th Cir.1990) *and* 998 F.2d 775 (9th Cir.1993). They had no such grounds.

The officers' only bases for believing Smith resided with Anderson were a month-old statement by his ex-girlfriend that he was residing there and their success in serving process on him at Anderson's apartment a month before the events in question. Even if these tenuous

connections provided a reasonable belief that Smith lived with Anderson, which we assume without deciding, there were no reasonable grounds to believe he was present on the day in question. Smith's ex-girlfriend had told the police a month earlier that Smith was driving one of Anderson's cars. That car was parked outside Anderson's residence when the police arrived to serve the arrest warrant. Once they asked Anderson if Smith was inside and she said he was not, however, there were no reasonable grounds for the officers to disbelieve her simply because a car that belonged to Anderson but had at some earlier time been driven by Smith was parked outside her home.

Hence, we affirm the district court: The officers' entry into and search of Anderson's home was illegal.

■ 3. The district court "assessed the reasonableness of Plaintiff's counsel[s'] hourly rate in light of its own knowledge regarding the rates charged by practitioners–both within plaintiff[s'] and defense[ ] bars–in the Central District of California with comparable amounts of experience in similar areas of law." Anderson argues it was error for the court to rely on evidence not in the record, *viz.*, "its own knowledge."

"We review an award of attorney's fees for an abuse of discretion. The district court's factual determinations will not be set aside absent clear error." *Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir.2000) (internal citations omitted). "[W]e do not require an elaborately reasoned, calculated, or worded order; a brief explanation of how the court arrived at its figures will do," *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (1988), and "prevailing local rates are factual matters best left to the district court," *Greater Los Angeles Council on Deafness v. Communi-*

*ty Television of Southern California,* 813 F.2d 217, 221 (9th Cir.1987). Especially because California law allows judges to look to their own knowledge in setting rates, *see Hancock Labs., Inc. v. Admiral Ins. Co.,* 777 F.2d 520, 526 n. 12 (9th Cir.1985), and because Anderson claimed under both California and federal fee-shifting statutes, we cannot say that the district court clearly erred in ascertaining hourly rates for Anderson's counsel.

4. Anderson next argues that the district court erred in failing to award a contingent risk multiplier to the lodestar fee amount. While risk multipliers are not available under federal law, *see Burlington v. Dague,* 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), they are available under some California fee-shifting statutes, *Ketchum v. Moses,* 24 Cal.4th 1122, 1133, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001). But award of a multiplier is not *mandatory* under California law, and "[t]o the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Id.* at 1138, 104 Cal.Rptr.2d 377, 17 P.3d 735. The district court here considered Anderson's request for a multiplier and found "the lodestar figure in this case is reasonable; the addition of a multiplier in this case would, in the Court's opinion, make the attorney fee award unreasonable." We cannot say that the district court abused its discretion under California law in denying the multiplier.

5. The court awarded no fees for Anderson's rebuttal brief on her fees motion or her attorneys' appearance in court to argue the fees motion, without even the "brief explanation" required by *Cunningham.* In this, the district court erred. Accordingly, we vacate that part of the district court's ruling on the fees motion and remand for application of the hourly rates already found by the district court to the time spent on Anderson's reply papers and oral argument on the fees motion.

Each party shall bear its own costs on appeal. Anderson may seek fees on appeal by timely motion under Ninth Circuit Rule 39–1.6.

AFFIRMED in part, REVERSED and REMANDED in part.