McCONNELL, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority (and Judge Gorsuch) that the defendant officers did not have probable cause to arrest Rick Cortez. In reaching this conclusion, I place particular emphasis on the fact that the officers did not speak with or even observe the child victim, did not speak with the child’s mother, who had reported the child’s statement, and therefore had no way to evaluate her credibility, and did not have any medical or other corroborating evidence; that the child’s statement, as reported, was ambiguous and not necessar *1137 ily a charge of sexual assault; and that the child was barely old enough to know how to speak. It is also significant that the officers had no reason to act in so precipitous a manner. Medical evidence would soon be forthcoming, and there was no evident danger of injury to other persons or of flight.
I agree with Judge Gorsuch, however, that this principle was not clearly established at the time of the arrest, and join Part lb of his opinion.
I also agree with the majority (and Judge Gorsuch) that Rick Cortez has not stated a claim for excessive force. I join Parts III-A and III-B of the majority opinion.
I agree with the majority (and Judge Gorsuch) that the investigatory detention of Tina Cortez violated the Fourth Amendment and that this violation was based on clearly established law, and join Part I-C of the majority opinion.
I also agree with the majority that the force used to effectuate Mrs. Cortez’s detention was excessive and that this, too, was clearly established. In a case where the plaintiff alleges both an unreasonable seizure and excessive force, the proper inquiry for the excessive force claim is whether the officers used greater force than would have been reasonably necessary to effect a lawful seizure. Maj. Op. 1127 & n. 23.[1] Thus, the question here is whether, if (contrary to fact) the officers had possessed reasonable suspicion sufficient to detain Mrs. Cortez, they would have been entitled to break into her home in the middle of the night without warrant, probable cause, or exigent circumstances, go to her bedroom, force her to terminate a telephone call, grab her by the arm, take her keys and lock the door to her home, and detain her in a locked police vehicle— in spite of the fact that she was not suspected of any crime and posed no threat to the officers or to anyone else. I agree with the majority that the answer is: no. Whatever actions might have been appropriate if the officers had encountered Mrs. Cortez in a location where they had a lawful right to be present, it is clearly established that mere reasonable suspicion is not sufficient to break into a person’s home and force her into a patrol car. See Payton v. New York, 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Kirk v. Louisiana, 536 U.S. 635, 638, 122 S.Ct. 2458, 153 L.Ed.2d 599 (2002). With that difference of emphasis, I join Part III-C of the majority opinion.
In all other respects, I join the majority opinion.

. Judge Gorsuch argues that the entry into the Cortez home should not be treated as part of the force used to effectuate her seizure. Op. at 1146 n. 14 (Gorsuch, J. concurring in part and dissenting in part). I do not see why not. For purpose of the excessive force analysis, we ask whether the type and degree of force employed to effectuate a detention would have been reasonable if the detention were justified. Even if the officers in this case had had reasonable suspicion, sufficient to seize Mrs. Cortez for investigative detention, they would not have had authority to enter the home. The entry is therefore properly an element in her excessive force claim. Contrary to Judge Gorsuch, this does not lead to "double-counting of damages” any more than in an ordinary tort suit where a single act is relevant to more than one cause of action.