09-4263-cr
United States v. Emanus

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             REENA RAGGI,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                                        *Appellee,*

            -v-                                    (09-4263-cr)

SYLVESTER EMANUS,

                                        *Defendant-Appellant.*

_____

For Appellee:      Maryanne E. Kampmann, Stetler, Allen & Kampmann, Burlington, VT

For Appellant:     Timothy C. Doherty, Jr., Assistant United States Attorney for the District of Vermont, Burlington, VT (Gregory L. Waples, on the brief)

Appeal from the United States District Court for the District of Vermont  (Sessions, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Sylvester Emanus appeals the denial of his motion to suppress evidence seized following a warrantless entry into the hotel in which he was staying. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

Warrantless entries, including entries into hotel rooms, are presumptively unreasonable under the Fourth Amendment. *See Payton v. New York*, 445 U.S. 573, 586 (1980); *Stoner v. California*, 376 U.S. 483, 490 (1964). To overcome the presumption of unreasonableness, officers must show both that there was probable cause to believe a crime was being committed or evidence of a crime would be found, and that exigent circumstances justified warrantless entry. *See Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) (per curiam) (citing *Payton*, 445 U.S. at 590).

Probable cause exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). In the present case, the agents established that there was a fair probability that there was evidence of criminal activity within defendant's hotel room before they entered. First, a confidential informant ("CI") stated that s/he overheard a series of telephone conversations between two acquaintances and their drug supplier in which the parties haggled over the details of a proposed drug sale. The CI also stated that the supplier had a phone number with a 718 area code, that the informant believed that the supplier was African-American, and that the supplier was being assisted by another person. The CI also stated that her or his acquaintances indicated that their supplier was staying at the local Red Roof Inn. Much of this was later corroborated by the agents when Red Roof employees confirmed that two African-American males traveling from Brooklyn were then registered at the hotel and had paid cash for a room. The agents' own investigation revealed that one of these individuals had a prior drug arrest. Thus, while defendant argues that the government did not establish the reliability of the CI or her/his sources, the fact that the CI's information was heavily corroborated renders concerns about her/his general reliability academic. *See Gates*, 462 U.S. at 242 (police may rely on an informant whose statements are reasonably corroborated by other matters within the officers' knowledge).

Further, the agents conducted a "knock-and-talk" interview from outside defendant's hotel room before they entered, the circumstances of which further supported a reasonable officer's belief that evidence of a crime was to be found within. The room's occupants did not answer multiple knocks on the door. When confronted by name, defendant's associate – not a party here – stated that he would open the door but appeared to take no action to do so. Instead, agents heard a sound from within that they concluded was the sound of a bathroom door being closed. Taken together with the CI's information, all this made it reasonable for the agents to believe that the room's occupants were attempting to conceal evidence of illegal activity.

The commotion within the hotel room is also relevant to our exigent circumstances analysis. Exigent circumstances exist, *inter alia*, when there is "an urgent need to prevent the loss of evidence." *United States v. MacDonald*, 916 F.2d 766, 773 (2d Cir. 1990) (en banc). Here, having heard the sound of an inner door being shut from within the hotel room, a reasonable officer could have concluded that one of the room's occupants had withdrawn to the bathroom in order to attempt to destroy evidence.

Defendant argues that there was no way that the agents could have known that it was a *bathroom* door that had been closed within the hotel room.  However, the question is not one of knowledge, but of reasonable likelihood:  the agents were not required to review a floor plan in order to reasonably conclude that it was a bathroom door that was being closed.  More to the point, the district court found that "[s]ounds emanating from the room reasonably suggested to the officers the defendants were attempting to destroy evidence in the bathroom." *United States v. Cromer*, Nos. 2:08-CR-72-1, 2:08-CR-72-2, 2009 WL 1181301, at *3 (D. Vt. Apr. 30, 2009).  We review factual findings in support of the district court's exigent circumstances determination for clear error.  *MacDonald*, 916 F.2d at 769.  Defendant has not shown that the district court's findings were clearly erroneous.  The judgment of conviction is, therefore, AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3