10-1141-cr
United States v. Gomez (Mendoza)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand eleven.

PRESENT:

AMALYA L. KEARSE,
RALPH K. WINTER,
PETER W. HALL,
     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee,*

v.                   No. 10-1141-cr

ALBERTO MENDOZA,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLEE: | GLEN KOPP, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | PATRICK J. JOYCE, New York, New York. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, *J*.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Alberto Mendoza appeals from the district court's judgment entered on March 26, 2010, following his conviction by jury of conspiracy to distribute and possess with intent to distribute 100 grams and more of mixtures and substances containing a detectable amount of heroin in violation of 21 U.S.C. § 846. Before trial, Mendoza moved to suppress physical evidence found in his apartment when he was arrested on November 10, 2008. After a hearing, the district court denied the suppression motion. On appeal, Mendoza claims the district court erred when it decided that probable cause and exigent circumstances justified the warrantless entry of law enforcement agents into his home. Mendoza raises two principal arguments on appeal. First, he asserts that there was no clear showing of probable cause to believe Mendoza was engaged in a narcotics conspiracy with Gomez, that narcotics were stashed in his home, or that if the agents had not kicked in his door evidence would have been destroyed. Second, he submits the court relied on unjustified presumptions as well as a subjective assessment of circumstances in applying the six-factor *MacDonald* test for exigent circumstances. *See United States v. MacDonald*, 916 F.2d 766, 769-70 (2d Cir. 1990) (en banc). We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

We review the district court's ruling on a suppression motion for "clear error as to the district court's factual findings, viewing the evidence in the light most favorable to the

2

government, and de novo as to questions of law." *United States v. Rodriguez*, 356 F.3d 254, 257 (2d Cir. 2004). We grant particular deference to the district court's credibility determinations. *See, e.g., United States v. Mendez*, 315 F.3d 132, 135 (2d Cir. 2002).

Warrantless entries are presumptively unreasonable under the Fourth Amendment. *See Payton v. New York*, 445 U.S. 573, 586 (1980). To overcome the presumption of unreasonableness, officers must show both that there was probable cause and that exigent circumstances justified warrantless entry. *See Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) (per curiam) (citing *Payton*, 445 U.S. at 590). Probable cause exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The test to determine whether exigent circumstances exist "is an objective one that turns on . . . the totality of the circumstances confronting law enforcement agents in the particular case." *MacDonald*, 916 F.2d at 769. The core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer, *see United States v. Zabare*, 871 F.2d 282, 291 (2d Cir. 1989), to believe that there was an "urgent need to render aid or take action," *MacDonald*, 916 F.2d at 769 (internal quotation marks omitted). Two common instances in which the courts have found warrantless entries justified are situations involving "hot pursuit" and those where destruction of evidence is imminent. *Zabare*, 871 F.2d at 289; *United States v. Gallo-Roman*, 816 F.2d 76, 79 (2d Cir. 1987).

We have adopted six factors as guideposts for determining the existence of exigent circumstances:

(1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect "is reasonably believed to be armed"; (3) "a clear

3

showing of probable cause . . . to believe that the suspect committed the crime"; (4) "strong reason to believe that the suspect is in the premises being entered"; (5) "a likelihood that the suspect will escape if not swiftly apprehended"; and (6) the peaceful circumstances of the entry.

*MacDonald*, 916 F.2d at 769-70 (internal citation omitted) (quoting *Dorman v. United States*, 435 F.2d 385, 392-93 (D.C. Cir. 1970) (en banc)). We have consistently emphasized that these factors "are merely illustrative, not exhaustive, and the presence or absence of any one factor is not conclusive." *United States v. Medina*, 944 F.2d 60, 68 (2d Cir. 1991).

Applying these standards, we conclude that the district court properly found that probable cause and exigent circumstances existed in this case. The district court first found, based on testimony and evidence presented at the hearing, that under the totality of the circumstances the agents had probable cause to believe that Gomez and Mendoza were jointly engaged in a transaction to sell 804 grams of heroin to the undercover agent. *United States v. Mendoza*, No. 09-Cr-219, 2009 U.S. Dist. Lexis 68718, at *12 (S.D.N.Y. Aug. 6, 2009). The court also found that once the backpack proved to be empty of drugs, the circumstances were such as to raise a "fair probability" or a "substantial chance" that the drugs remained in Mendoza's home. *Id.* at *13. In further support of probable cause, as well as the existence of exigent circumstances, the district court stated:

> the events which followed the agents' approach to the home and announcement of their presence—namely, Mendoza's descent of the stairway, observation of the agents and the "commotion" that accompanied Gomez's arrest, and his flight up the stairs—not only provide further corroboration for the agent[s'] reasonable belief that Mendoza was involved in the commission of a crime but also supply an ample basis for the apprehension that *evidence in the home might be destroyed if it were not immediately secured*.

4

*Mendoza*, 2009 U.S. Dist. Lexis 68718, at *13-14 (emphasis added and internal quotation marks omitted); *see United States v. Atherton*, 936 F.2d 728, 732-33 (2d Cir. 1991) (noting that this Circuit has repeatedly upheld warrantless entries where law enforcement agents reasonably believed that immediate access to the premises was necessary to prevent the loss of evidence).

In analyzing the remaining *MacDonald* factors, the district court made the following findings, all of which are also amply supported by the record. The offense involving the sale of nearly a kilogram of heroin is serious, and it was proper to afford some weight to an agent's reasonable fear, based on years of experience, that weapons might be present in a stash house for narcotics. *Mendoza*, 2009 U.S. Dist. Lexis 68718, at *16. The agents knew Mendoza had reentered his home because they saw him do so and observed him directly through the glass of the front door. *Id.* at *17. In addition, when the agents entered the home they were not aware if other exits existed and, although the court noted it was far from dispositive, the agents had attempted a peaceful entry by knocking and announcing their presence. *Id.* The district court also found that Mendoza's flight at the sight of law enforcement formed an ample basis for the "apprehension that evidence in the home might be destroyed if it were not immediately secured." *Id.* at *13-14 (internal quotation marks omitted).

Mendoza has not shown that the court's factual findings in support of its probable cause and exigent circumstances determinations amount to clear error or that the court misapplied the law—including the *MacDonald* factors. Based on the district court's findings of fact, we hold that reasonable and experienced agents would believe heroin was in Mendoza's home. We also hold that exigent circumstances permitted the warrantless search of that home.

5

We have considered all of Mendoza's arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk