GRIFFIN, Circuit Judge,
dissenting.
I would adhere to our original decision, see United States v. Domenech, 623 F.3d 325, 331 (6th Cir.2010). In my view, the evidence was obtained by the police from a search and seizure not supported by probable cause as is required by the Fourth Amendment. Pursuant to the exclusionary rule, the government may not use the fruits of its unreasonable search and seizure. Accordingly, I respectfully dissent.
The Fourth Amendment guarantees the right of liberty against unreasonable searches and seizures by providing:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const, amend. IV.
Because “physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed,” United States v. United States District Court, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972), “searches and seizures inside a home without a warrant are presumptively unreasonable.” Payton v. New York, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The fact that the search in the present case was conducted inside a motel room rather than a home does not alter the analysis. As the United States Supreme Court has stated, “[a] hotel room can clearly be the object of Fourth Amendment protection as much as a home or an office.” Hoffa v. United States, 385 U.S. 293, 301, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).
The Supreme Court reiterated the teachings of Payton in Kirk v. Louisiana, 536 U.S. 635, 122 S.Ct. 2458, 153 L.Ed.2d 599 (2002) (per curiam). There, the Court held that “[a]s Payton makes plain,” the police may not enter a private residence without a warrant unless both “probable cause plus exigent circumstances” exist. Id. at 638, 122 S.Ct. 2458. Here, it is undisputed that the police did not have a search warrant before entering the defendants’ motel room, and therefore they required both probable cause and exigent circumstances to lawfully conduct their search.
“Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.” United States v. Ferguson, 8 F.3d 385, 392 (6th Cir.1993) (en banc) (citation and internal quotation marks omitted). “[T]he mere possibility that a crime could be occurring within a home is not sufficient to justify a warrantless search; the police must have an objectively reasonable basis for their belief that a crime is being committed.” United States v. McClain, 444 F.3d 556, 563 (6th Cir.2005) (citation and internal quotation marks omitted). Similarly, “mere speculation that a crime could be occurring is insufficient to establish probable cause.” Id. Regarding evidence of a crime, probable cause arises only when “there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
*400 In our original decision, we ruled that the “district court correctly held” that “the officers lacked probable cause for the warrantless entry.” Domenech, 623 F.3d at 331. We reached this decision primarily because “Trooper Burchell admitted that the frosted glass prevented him from seeing a sink, shower, or toilet through the bathroom window. He could not see the hand movements of the individual in the bathroom; he could see only that a person entered the bathroom after officers knocked on the front door.” Id. Trooper Burchell’s subjective hunch that “this person might be attempting to destroy something or flush something down the toiletf,]” is not the objective evidence required to establish probable cause for a search and seizure of a residence for drugs or weapons. (Emphasis added.) The majority concludes “[h]ad Officer Burchell not first seen a figure hurrying into the bathroom, he would have had no probable cause to open its window to investigate further.” In my view, while the hurried activity may have justified further investigation when considered with the other general evidence, it did not establish probable cause for a warrantless entry into the motel room. The text of the Fourth Amendment requires more.
My colleagues now abandon our prior holding based on their new conclusion that, when the circumstances are considered in their totality, the officers possessed probable cause to believe that evidence of a drug crime would be found in Room 22. These circumstances are as follows:
First, Officer Crawford testified that the Green Acres motel was known for “a lot of drug activity.” Second, the driver of the Ford Explorer parked in front of Room 22 had behaved evasively earlier that evening. Third, a check of the license plates of the Explorer revealed that its owner had an outstanding arrest warrant. Fourth, the registration associated with Room 22 was filled out incompletely by “Rogelio” who listed an automobile other than the Ford Explorer parked in front of Room 22. Fifth, Officer Burchell was familiar with the construction of the motel and knew where the toilet for Room 22 would be situated. Sixth, shortly after he heard his colleagues make contact with the occupants, he observed a figure enter the bathroom and bend over the toilet.
“To establish probable cause, this coui't has explained that ‘the circumstances must indicate why evidence of illegal activity will be found in a particular place.’ ” United States v. Howard, 621 F.3d 433, 455 (6th Cir.2010) (quoting United States v. Carpenter, 360 F.3d 591, 594 (6th Cir.2004) (en banc)). The majority appears to believe that probable cause to search a residence exists when there is a fair probability to conclude that some vague or generalized criminal activity may be afoot or unspecified evidence of a crime found therein. However, as we stated in Ellison v. Balinski, 625 F.3d 953 (6th Cir.2010), “[i]t is difficult, to say the least, to square this contention with the history of the Fourth Amendment, which was enacted in part to curb the abuses of general warrants, devices which provided British officers with broad discretion to search the homes of citizens of the Colonies for evidence of vaguely specified crimes.” Id. at 958; see also Steagald v. United States, 451 U.S. 204, 220, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) (discussing the history of the Fourth Amendment). Contrary to the majority’s premise, probable cause supporting a search requires the government to establish “a nexus between the place to be searched and things to be seized, such that there is a substantial basis to believe that the things to be seized will be found in the place searched.” Ellison, 625 F.3d at 958.
*401 In my view, the government has failed to adequately demonstrate “why evidence of [a drug crime would] be found in [Room 22].” Carpenter, 360 F.3d at 594 (citation and internal quotation marks omitted). Indeed, only two of the circumstances cited by the majority even arguably relate to drugs: (1) Officer Burchell’s observations, and (2) Officer’s Crawford’s testimony that the Green Acres Motel was known for “a lot of drug activity.” Neither circumstance is sufficient to justify a warrantless entry, whether taken individually, or viewed through the totality-of-the-circumstances prism. As we noted in our original decision, Burchell “admitted” that he observed very little; “he could see only that a person entered the bathroom after officers knocked on the front door.” Domenech, 623 F.3d at 331. “Because the trooper could not see through the frosted window, the district court correctly held that he lacked probable cause to believe that the defendant would destroy evidence of a drug crime.” Id.
Officer’s Crawford’s statement that the Green Acres Motel is a high drug-activity area is a “context-based factor[ ] that would have pertained to anyone in the [area] at the time and should not be given undue weight.” United States v. See, 574 F.3d 309, 314 (6th Cir.2009); see also Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (“An individual’s presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime.”). “This caveat is especially appropriate in this case, because while [Crawford] testified that the area was known for drug [activity] specifically, [the officers] observed no conduct from [the defendants] consistent with drug activity.” United States v. Johnson, 620 F.3d 685, 693 (6th Cir.2010). The Fourth Amendment is not suspended or modified for persons who live, work, or travel through “high-crime” areas. Id. at 692-93.
The remaining facts cited by the majority do not bridge the gap of necessary objective evidence to establish probable cause. Neither the allegedly evasive behavior of the driver of the Ford Explorer nor the registration associated with the motel room provide “reasonable grounds for belief’ that illegal drugs or weapons would be found in Room 22. Ferguson, 8 F.3d at 392. And, while there was an outstanding arrest warrant for the owner of the Ford Explorer, that warrant was a parole absconder warrant and not an arrest warrant for a drug-or weapons-related offense. Regardless, it is “well established” that the “existence of probable cause to arrest will not necessarily establish probable cause to search.” United States v. Savoca, 761 F.2d 292, 297 (6th Cir.1985) (citation and internal quotation marks omitted). “The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific ‘things’ to be searched for and seized are located on the property to which entry is sought.” Zurcher v. Stanford Daily, 436 U.S. 547, 556, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).
Here, the evidence does not establish that the police had reasonable grounds for believing that Room 22 would contain evidence of a drug or weapons crime; thus, they lacked probable cause to conduct the warrantless search. Simply put, because the vague and general evidence of suspicious activity would have been insufficient to support a drug or weapons crime search warrant, it is similarly inadequate to establish the probable cause necessary to justify the warrantless search at issue.
Finally, because the government must demonstrate both probable cause and exi *402 gent circumstances to justify the warrant-less entry, I would not reach the issue of exigent circumstances. I would hold that the search and seizure in Room 22 was unreasonable in violation of the Fourth Amendment because it was conducted without probable cause. For this reason, I would adhere to our original decision and deny the government’s petition for panel rehearing for lack of merit.