**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1734
_____

UNITED STATES OF AMERICA

v.

PHILLIP PARROTT,
a/k/a Termaine Womack
a/k/a Anthony Womack

PHILLIP PARROTT,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-09-cr-00245-001
District Judge: The Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2011

Before: SCIRICA, SMITH, and JORDAN, *Circuit Judges*

(Filed:  November 10, 2011)

_____

OPINION
_____

1

SMITH, *Circuit Judge.*

Phillip Parrott ("Defendant") is appealing the District Court's denial of his motion to suppress the shotgun that the police found in his home at the time of his arrest because the search allegedly violated his Fourth Amendment rights.[1] We will affirm.

At approximately 1:30 a.m. on November 30, 2008, Philadelphia Police Officers Janeen Jones and Louis Pacell responded to a call that there was a man with a gun on the 3600 block of North Bouvier Street in Philadelphia. While en route, the officers received another call that shots had been fired at the aforementioned location. After arriving at the 3600 block, the officers saw a man holding a sawed-off shotgun. The man ran into the house located at 3631 North Bouvier Street (the "house") with the gun, and the officers established a perimeter and waited for back up.

A woman — who was later determined to be Monique Parrott, Defendant's wife ("Mrs. Parrott") — leaned out of a window in the house and asked the officers what was happening. The officers told her that a man ran into the house. Although Mrs. Parrott initially denied that a man entered the house, later she told the officers that somebody whom she did not know entered the house and ran out the backdoor. Pacell, who was watching the rear of the house, had not seen anyone leave through the back door. Mrs. Parrott eventually exited the house along with two adult males and three juveniles. None of these individuals had a gun. Mrs. Parrott falsely told the officers that nobody

---

[1] On November 20, 2009, the District Court denied Defendant's motion to suppress. On March 4, 2010, the District Court also denied Defendant's post-trial motion for a

remained inside the house.

Shortly thereafter, Defendant appeared at the top of the staircase inside the house. Jones and Pacell recognized Defendant as the man they saw earlier holding the shotgun. Other officers handcuffed Defendant in the house and led him outside. Defendant did not have a gun.

After the officers took Defendant into custody, Jones and other officers entered the house to conduct a safety sweep of the premises. Jones cleared the first floor while the other officers cleared the second floor. Jones then proceeded to clear the basement, and, during this sweep, her foot struck an object that was underneath a blanket on the concrete floor. The object made a metallic sound as it struck the concrete, and it had the weight and length of the gun she had seen Defendant holding earlier. Jones lifted the blanket and saw the same gun.

Prior to trial, Defendant moved to suppress the gun based on alleged violations of his Fourth Amendment rights. The District Court denied Defendant's motion to suppress the gun, finding that the search was justified by the exigent circumstances and protective sweep exceptions to the warrant requirement. Defendant, who was previously convicted of a felony, was tried before a jury, convicted of possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and sentenced to 262 months in prison. Defendant appealed.[2]

judgment of acquittal under Fed. R. Crim. P. 29, or in the alternative, a new trial under Rule 33, which was premised on suppressing the gun.

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

3

We review a District Court's denial of a suppression motion for clear error as to the underlying facts, but we conduct a plenary review as to its legality with respect to the District Court's properly found facts. *See United States v. Coles*, 437 F.3d 361, 365 (3d Cir. 2006) (citing *United States v. Givan*, 320 F.3d 452, 458 (3d Cir. 2003)).

Although the search of a home is presumptively unreasonable under the Fourth Amendment, a warrantless search and seizure is reasonable if probable cause and exigent circumstances exist. *See Kirk v. Louisiana*, 536 U.S. 635, 638 (2002). Exigent circumstances are found where "the need for effective law enforcement trumps the right of privacy and the requirement of a search warrant." *Coles*, 437 F.3d at 366 (citing *Warden v. Hayden*, 387 U.S. 294, 298-99 (1967)). "Examples of exigent circumstances include, but are not limited to, hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others." *Id.* Courts must review the totality of the circumstances to determine whether the law enforcement officers had an objectively reasonable basis for believing that exigent circumstances existed at the time of the search. *Brigham City v. Stuart*, 547 U.S. 398, 403-04 (2006).

Here, the officers had probable cause and an objectively reasonable basis for believing that exigent circumstances existed at the time that they searched the house.[3] The officers' belief was based on a number of facts, including: the missing shotgun that had been taken into the house; the report of shots being fired and the reasonable inference

---

[3] Because we hold that the officers' search was valid under the exigent circumstances exception to the Fourth Amendment, we need not reach the protective sweep analysis.

that the person who ran into the house with a gun was the shooter; Mrs. Parrott's false statements regarding the number of people in the house; and the officers' reasonable belief that if somebody remained inside the house, that person might attempt to hide, destroy or remove the shotgun, or use it against the officers.[4] The District Court conducted a hearing on Defendant's motion to suppress and rendered a well-reasoned written decision denying the motion.

Accordingly, we will affirm.

---

[4] Defendant also argues that the trial testimony of Pacell, who wasn't called to testify at the suppression hearing, contradicted the suppression hearing testimony of Jones and required a reversal of the District Court's finding that Jones was credible. The District Court did not err in crediting Jones's testimony because the alleged inconsistencies related to peripheral matters that were not material to the suppression ruling.