18-543-cv
Dalessandro v. County of Nassau

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand nineteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
 Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
WILLIAM DALESSANDRO, JOSEPHINE DALESSANDRO,
 Plaintiffs-Appellants,

 -v.- 18-543

**COUNTY OF NASSAU,**

> **Defendant-Counter-Claimant-Cross-Defendant-Appellee,**

**LEONARD VIVONA, THOMAS CIPOLLA,
DAVID JASKOLSKI,**

> **Defendants-Cross-Defendants-Appellees,**

**THE INCORPORATED VILLAGE OF
PLANDOME,**

> **Defendant-Counter-Claimant-Cross-Defendant,**

**PETER CHUCHUL, NASSAU COUNTY POLICE
OFFICER, JOHN DOE,**

> **Defendants-Cross-Defendants.***

- - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANTS:** | Paul D. Montclare, Mitchell Silberberg & Knupp LLP, New York, NY. |
| **FOR APPELLEES:** | Robert F. Van der Waag, Deputy County Attorney, for Jared A. Kasschau, County Attorney of Nassau County, Mineola, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

---

* The Clerk of Court is directed to amend the caption as set out above.

At 4:30 AM on December 23, 2012, Nassau County police officers made a warrantless entry into the home of William and Josephine Dalessandro. Alleging the search violated their Fourth Amendment rights, the Dalessandros sought damages pursuant to 42 U.S.C. § 1983.   Following a three-day trial in the United States District Court for the Eastern District of New York (Azrack, <u>J.</u>), the jury returned a verdict in favor of the defendants, the County of Nassau and Nassau County police officers Leonard Vivona, Thomas Cipolla and David Jaskolski.   The Dalessandros appeal from the judgment of the district court denying their post-trial motions for (1) judgment as a matter of law and (2) a new trial.   We assume the parties' familiarity with the underlying facts and procedural history.

**1.** "A denial of a Rule 59 motion for a new trial is reviewed for abuse of discretion, which occurs when (1) the decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) the decision--though not necessarily the product of a legal error or a clearly erroneous factual finding--cannot be located within the range of permissible decisions."   <u>Harris v. O'Hare</u>, 770 F.3d 224, 231 (2d Cir. 2014) (internal quotation marks omitted).

The Dalessandros argue that the district court abused its discretion because there was no evidence to support the jury's findings of both probable cause and exigency.   We disagree.

"The core premise underlying the Fourth Amendment is that warrantless searches of a home are presumptively unreasonable."   <u>Id.</u> at 231 (quoting <u>United States v. Simmons</u>, 661 F.3d 151, 156-57 (2d Cir. 2011)).   That presumption may be overcome if "the exigencies of the situation make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable."   <u>Kentucky v. King</u>, 563 U.S. 452, 460 (2011) (internal quotation marks omitted).   Warrantless entry is justified when there is both probable cause and exigency.   <u>See</u> <u>Kirk v. Louisiana</u>, 536 U.S. 635, 638 (2002) (per curiam).

Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."   <u>Illinois v. Gates</u>, 462

U.S. 213, 243 n.13 (1983). "Probable cause is not a high bar." <u>District of Columbia v. Wesby</u>, 138 S. Ct. 577, 586 (2018) (internal quotation marks omitted).

For the exigent-circumstances doctrine, "[t]he core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer to believe that there was an urgent need to render aid or take action." <u>United States v. Klump</u>, 536 F.3d 113, 117–18 (2d Cir. 2008) (citation and internal quotation marks omitted). The exception justifies a warrantless search "strictly circumscribed by the exigencies which justify its initiation." <u>Id.</u> (internal quotation marks omitted).

Sufficient evidence supports the jury's findings of probable cause and exigent circumstances. The officers responded to a 911 call from the Dalessandros' neighbor, reporting screaming from the Dalessandros' house. The neighbor confirmed her account in person, telling the officers that a person had been screaming from the vicinity of the Dalessandros' residence and expressing her concern that something had happened inside the home. During questioning, the officers found Mr. Dalessandro uncooperative and agitated. One officer described Mr. Dalessandro's behavior as "bizarre" and stated that he "was almost ranting and raving." A-353. And their suspicions were raised when Mr. Dalessandro refused to bring his wife to the door.

The officers could have attributed Mr. Dalessandro's agitation to being awakened in the night by police and they could have accepted his statement that his wife was disabled. However, a reasonable officer could also have thought Mr. Dalessandro's behavior and responses only heightened the concerns raised by the neighbor's report, i.e. that someone in the house was injured and in need of help or was in present danger. The officers' reliance on the information provided by the neighbor was appropriate. <u>See</u> <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 163 (2d Cir. 2002). Information provided by "identified bystander with no apparent motive to falsify" has "a peculiar likelihood of accuracy." <u>Id.</u> (quoting <u>United States v. Rollins</u>, 522 F.2d 160, 164 (2d Cir. 1975)). And the officers acted reasonably; they left the house after questioning the occupants just long enough to dispel their concerns.

The Dalessandros cite <u>Loria v. Gorman</u>, 306 F.3d 1271 (2d Cir. 2002) for the proposition that the circumstances were not exigent as a matter of law.   But <u>Loria</u> is inapposite.   In <u>Loria</u>, the police responded to a noise complaint and suspected nothing more than the violation of a local noise ordinance.   Exigent circumstances do not exist "where the crime involved is minor and there is no apparent potential for violence."   <u>Id.</u> at 1286.

Accordingly, the district court did not abuse its discretion in concluding that the jury's decision was not against the weight of evidence.

**2.** The district court ruled that the Dalessandros forfeited their right to move for post-verdict judgment as a matter of law pursuant to Rule 50(b) because they failed to make a pre-verdict Rule 50(a) motion.   <u>See</u> 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 50 (2018 ed.) ("Rule 50(b) does not authorize a party to challenge the sufficiency of the evidence for the first time after verdict.   The only thing the verdict loser can do is *renew* a preverdict motion.").   We agree.

The requirement that an argument raised on a Rule 50(b) motion must have specifically been raised in a Rule 50(a) motion is no "mere technicality." <u>Cruz v. IBEW</u>, 34 F.3d 1148, 1155 (2d Cir. 1994).   The requirement "give[s] the [non-moving] party an opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury" when he still has a chance to do so.   <u>Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.</u>, 136 F.3d 276, 286 (2d Cir. 1998).

Because the Dalessandros did not move pre-verdict for judgment as a matter of law, relief on appeal is available only to correct a manifest injustice in cases where a jury's verdict is wholly without legal support.   <u>See</u> <u>Lore v. City of Syracuse</u>, 670 F.3d 127, 153 (2d Cir. 2012) ("As to any issue on which proper Rule 50 motions were not made, JMOL may not properly be granted by the district court, or upheld on appeal, or ordered by the appellate court unless that action is required in order to prevent manifest injustice."); <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 164 (2d Cir. 1998) (same).

For the reasons stated above (regarding the Dalessandros' motion for a new trial), sufficient evidence supports the jury's findings of probable cause and exigency. Accordingly, the district court's denial of the motion for judgment as a matter of law is affirmed.

We have considered the Dalessandros' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK